## CAROLINE GRAYSON, ADM'X, v. PETER G. TAYLOR AND OTHERS.

Where suit was brought to recover the amount of a note over four years due, and to foreclose a mortgage made less than four years before the commencement of the suit, to secure the same debt, it was held that the plaintiff was entitled to recover.

See what is said in this case, as to the endorser of a note, made for the accommo-dation of the maker, not being entitled to notice of dishonor.

Where the endorser of a note, after its dishonor, gives a mortgage to secure its payment, reciting the receipt of notice of the dishonor, it is not necessary in a suit on the note and mortgage, to prove the notice.

Where the defendant contracted a debt on the 1st day of July, 1845, and on the 19th June, 1846, gave a mortgage, including his homestead, to secure its pay-ments, and suit was not brought until the 23rd March, 1850, it was held that

the defendant was entitled to the homestead exemption provided by the Constitution, and not merely to that provided by the Act of 1839.

See this case as to how far the principle extends, which treats a subsequent acknowledgment as the real indebtedness, where the original cause of action was barred at the time of the commencement of the suit, although not barred at the time of the making of the acknowledgment.

Error from Cass. Suit commenced by the defendants in error against the plaintiff in error, on the 23rd March, 1850, to recover the amount of a note executed at Shreveport, Louisiana, on the 1st day of July, 1845, by John K. Mabry, for $713 96, payable to the intestate, on the 1st February, 1846, at New Orleans, and indorsed by the intestate ; and also to foreclose a mortgage given by the intestate to the plaintiffs on the 19th day of June, 1846, on six hundred acres of land, situated in Cass county, whereon the intestate then resided.

Mabry was insolvent. The Court instructed the jury, that if they found that the note sued on was executed before the first of January, (mistake for 16th February,) 1846, they should find the land, specified in the mortgage, subject to the payment of the debt, except fifty acres ; but if after that, they should find the land subject, except two hundred acres, being the homestead, to be selected by the defendant. The jury found for the plaintiff, and that the land, except fifty acres, was subject to its payment.

*T. J. & J. H. Rogers*, for plaintiff in error.

*C. A. Frazer* and *Henderson & Jones*, for defendants in error.

WHEELER, J. The questions, which it is material to consider, are, 1st. Whether the suit was barred by the Statute of Limitations. 2nd. Whether the defendant's intestate was released from his liability upon the paper, by the laches of the

plaintiffs.　3rd.　Whether the Court ruled correctly in relation to the extent of the homestead exemption.

Upon the first question, there can be no difficulty.　The mortgage, executed within four years next before the institution of the suit, contains an express acknowledgment of the justice of the debt; and there can be no question that it was sufficient to take the case out of the operation of the Statute of Limitations.

But it is insisted that, at the time of giving the mortgage, Cole was released from his liability as indorser, by the failure of the plaintiff to give him due and legal notice of the non-payment of the note, and consequently that the mortgage was without consideration, and void.　It, however, does not so appear; but on the contrary, the mortgage contains an express admission by the party, of his having received notice of the dishonor of the note.　This must be taken to be, at least, *prima facie* evidence of the fact; (1 Greenl. Ev. Sec. 26, n.;) and it dispensed with the production of other proof of the admitted fact, upon the trial.　Moreover, this was accommodation paper, indorsed for the accommodation of the maker and owner, and, it would seem, the indorser was not, by the Law Merchant, entitled to notice of the non-payment.　In the case of Leckie v. Scott (10 La. 412, 5 new ed. 631,) it was held by the Supreme Court of Louisiana, that, where the maker and owner of a note, which he gets indorsed by the payee, transfers it to a third person, it becomes an accommodation paper, in which the indorser is merely a surety.　(See Farmers' Bank v. Varmeter, 4 Rand. R. 553.)　The indorser of a note stands generally in the same relation to the maker, as the drawer of a bill does to the acceptor.　And the same rule applies as in those cases, where notice is omitted to be given to the drawer or indorser of a bill, under the like circumstances.　(Story on Prom. Notes, Sec. 268–69–70 ; Chit. on Bills, 327–28, and notes.)　But, if the indorser, in this case, was entitled to notice, it is very clear that the admission in the mortgage dispensed with the produc-

tion of other proof of it. There is, therefore, no reason to suppose that Cole was discharged of his liability, upon the note, at the time of giving the mortgage. The validity of the mortgage, therefore, cannot be questioned on that ground.

The insolvency of the maker of the note was a sufficient excuse for not having first or simultaneously sued him. (Hart. Dig. Art. 670, 2525.)

The remaining question, as to the extent of the homestead exemption, from the influence of the mortgage, in this case, is not so clear for the plaintiffs. The legal effect of the mortgage was a question for the Court, and not for the jury to determine. There was no occasion to refer to the jury, the question of the extent of the operation of the homestead exemption, upon the property included in the mortgage. The question of fact for the jury was, whether the mortgage included the homestead. Their finding in effect affirms that fact; and in so far only, it is material. In so far as it finds the extent of the exemption, it is immaterial, and may be rejected; that being, manifestly, a question of law for the decision of the Court. It is material, therefore, to enquire whether the Court ruled rightly, in referring the extent of the homestead exemption, in its operation upon the mortgage, to the law in force at the date of the note, or of the mortgage; in other words, whether the mortgage was subject to the operation of the constitutional exemption in favor of the homestead. This will depend upon the question, whether we are to refer to the date of the note, or the mortgage, as the time when the debt was contracted; the one being prior, and the other subsequent to the 16th of February, 1846.

If the note, independently of the acknowledgment contained in the mortgage, had not been barred by the Statute at the time of commencing the suit, there could be no question, that its date must be taken to be the time when the debt was contracted. But in the case of Coles v. Kelsey, (2 Tex. R. 541,) it was held, that where a new promise or acknowledgment is

relied on to take a case out of the operation of the Statute, the new promise is the cause of action. The doctrine maintained, as applied to this case, is, that the suit is not upon the note, but upon the acknowledgment, treating it as a new contract, springing out of, and supported by the original consideration. In this view of the effect of the acknowledgment, (and it is supported by a very great weight of authority; Bell v. Morrison, 1 Peters, R. 360; Van Roren v. Parmalee, 2 Comstock, 425;) there is no escaping the conclusion, that the debt, as a subsisting debt which can be enforced by suit, must be held to have been contracted by the giving of the mortgage. That is the contract which gives the right of action; it is upon the legal effect of that contract alone, that the action is warrantable, and the recovery is for the debt thereby contracted. This unquestionably is the doctrine; and it follows, that, as the mortgage was executed subsequently to the 16th of February, 1846, it is subject to the homestead exemption, secured by the Constitution. There is error therefore in the judgment of the Court, in that it allows only the reservation from sale, of the amount secured by the former law. The judgment must therefore be reversed, and such judgment be here rendered as the Court below ought to have rendered; disregarding the verdict only in so far as it includes an erroneous finding of matter of law.

Reversed and re-formed.

The application for a re-hearing presents an important question of practice in relation to the taking of depositions. It is unneccessary, however, at present to determine that question, as we are of opinion that the deposition objected to, related to a matter wholly immaterial to the merits of the case. The mortgage was an original undertaking, as between the defendant and the plaintiffs. It not only, in itself, imported a consideration, but it also expressed one. And there was no necessity, as in the case of the mere acknowledgment of a pre-

existing, debt for the plaintiff to set out or prove the consideration, or to go into any matter antecedent to the mortgage, to maintain their action.