WILLIAM FISHER v. PHELPS, DODGE & CO.

21 551
92 450

In a suit against an endorser, presentment, demand and refusal of payment with protest for non-payment of which the endorser has notice, fixes his liability ; and a petition containing these averments is sufficient in law, without alleging suit against the maker at the first Term of the Court after maturity of the note, or at the second, with cause alleged.

The fact of notice of demand and non-payment, if not embodied in the protest, must be proved otherwise, as the protest is not evidence of any fact not therein noted.

The notorious insolvency of the maker to render unnecessary either suit or demand, to fix the liability of an endorser, must be alleged and proved to exist at the time suit should have been brought, viz : before the first Term of the Court, after the cause of action accrues, or the second, if there be a sufficient excuse for not suing at the first.

The rule that the Statute of Limitation, when once commenced, will continue to run, notwithstanding a supervening disability, is but a rule of construction, not to be applied where the Statute expressly, or by implication, authorizes an exception.

The clause of our Statute of Limitation which declares that the time of the debtor's absence from the State shall not be taken or accounted as part of the time limited by the Act, includes each departure from the State, and the whole time of his absence, whether at or after the time of the accrual of the cause of action.

The object, policy and meaning of the provision is, that to render the bar effectual the debtor must remain in the State for the full period of time prescribed by the law.

Error from Cass.  Tried below before Hon. W. S. Todd.

Suit against an endorser of a note.  Petition alleged that a certain note made by one Hays Jolly in the course of trade, and for a valuable consideration, was transferred and assigned to the petitioner.  That subsequently, upon the maturity of said note, it was presented at the place where it was made payable and demand of payment made which was refused, and the same was protested, of which the endorser had notice.

That on the 9th August, 1853, (upwards of a year after it became due,) petitioners instituted suit against the maker, and at the March Term, 1855, recovered judgment against him on the note. That afterwards, they sued out an original and an alias execution upon said judgment, and caused it to be placed in the hands of the Sheriff, who returned both endorsed "No property found." And that, at the time suit was instituted against the maker, the endorser, Fisher, was absent from the State and his residence unknown, and that then and during the pendency of said suit he was absent from the State for a period of two years. The defendant below demurred generally and pleaded limitation of four years and general denial. The demurrer was overruled.

On the trial the note made by Hays Jolly and endorsed by Fisher, and the protest thereof, was read as evidence to the jury. Plaintiff then proved that, in the early part of the year 1853, the defendant went to Georgia and was absent two or three months, and again, in 1856, defendant was absent from the State about two months. Several witnesses proved that he was not absent, at any one time, more than three months. There was a verdict and judgment against the endorser.

*Michael Farley*, for plaintiff in error. I. The demurrer of the appellant should have been sustained in the Court below, Because 1st, Suit had not been commenced against Jolly, the principal, upon the note at the first Term of the Court after its maturity, nor suit brought at the second Term after said maturity, and cause alleged for not having brought suit to said first Term. (Hart. Dig. Art. 2528.)

2nd. Because there was no such notice and protest as the law requires, (Hart. Dig. Art. 2532,) and one or the other was necessary to fix the liability of the endorser.

If the notice on Fisher was served it should have been noted in the protest. Notice to Fisher being wanting, he was thereby released.

Fisher v. Phelps, Dodge & Co.

II.  A general denial is no plea to a note so far as the authenticity of the note is concerned.  But it may be a good plea to facts subsequent to the note.

III.  The plea of limitations should have been sustained, as under the circumstances of this case the first and second Term of the Court became the period of limitations, the note having previously matured.

Also it should have been sustained, as the temporary absence from the State should not have been made a ground to prolong the four years Statute of Limitations, such absence being for a very short period and not such an absence (the facts considered) as the Statute contemplates.  (See Statute, Hart. Dig. Art. 2395.)

*T. J. & J. H. Rodgers*, for defendant in error.  I.  The payor was wholly insolvent and there was no necessity of having his note protested, or suing to the first Term of the Court in order to fix the liability of the endorser Fisher ; although the word insolvent is not used in the petition, yet the facts which show his insolvency are distinctly set forth and sustained by the statement of facts.  If this position is correct it is decisive of the whole case.  (Insall v. Robson, 16 Tex. R. 128.)

II.  The plea of the Statute of Limitations had no reference to the time at which suit was commenced against the payor, but to the period between which the liability of the endorser Fisher accrued and the filing of petition against him.  The note was due 1st of June, 1852 ; suit was commenced 18th of August, 1856, being two months and eighteen days over two years.

The witnesses vary in their statements, but they all make the time of absence over three months.  This is deemed conclusive on this point.

HEMPHILL, CH. J. The demurrer to the petition was properly overruled.

True there was no allegation of suit against the maker at the first Term of the Court after the maturity of the note, or at the second with cause alleged, etc. (Hart. Dig., Art. 2528.) But it was alleged that there was presentment, demand, and refusal of payment, with protest for non-payment of which the appellant, who was the endorser of the note, had notice. These facts fixed his liability, (Art. 2531,) and the petition on its averments was sufficient in law.

But there is one ground (namely, that the verdict for the plaintiffs is without evidence) on which the judgment must be reversed. The plaintiffs alleged that the defendant had notice of the demand at the place stipulated, and of protest, but the fact of notice was not proven.

It seems that the protest was read in evidence, but there was not in the instrument any certificate of the service of notice on defendant, nor that such notice was forwarded by mail, &c. Such certificate of notice in a protest is, under the Statute, admitted as evidence of the fact. (Art. 2532.) But the facts of notice was not embodied in the protest, nor were they proven otherwise.

The defendant objected to the reading of the protest, on the ground, perhaps, that it did not show service of notice. But this was unnecessary. The protest could not be evidence of any fact not therein noted, and it was therefore proof of the demand and refusal, and of nothing more. From the bill of exceptions, it appears that the objection of the defendant to the reading of the protest was overruled, on the ground that he pleaded only a demurrer and the Statute of Limitations, and that he was therefore precluded from raising objections to the evidence. But this was a misapprehension. The defendant had pleaded general denial, and this put in issue all the material allegations of the petition, except the signatures of the maker and endorser, and required proof of the facts of demand, and also of the notice to the endorser, &c.

Fisher v. Phelps, Dodge & Co.

The plaintiffs contend, also, that the maker of the note was notoriously insolvent, and that' therefore there was no necessity of either suit against the maker, or of demand upon him, to fix the liability of the defendant. (Art. 2525 ; 18 Tex. R. 128.) But they have not alleged such insolvency of the maker, at the time when the suit should have been brought. They state the history of the suit against him, from which it appears that about three years after the maturity of the note the first execution on the judgment was returned, no property found. This is no proof of insolvency three years before that time. The insolvency, which, under the Statute, will authorise suit against the endorser, without first suing the maker, must exist at the time the suit should have been brought against the maker, viz : before the first Term of the Court after the cause of action accrues, or the second, if there be sufficient excuse for not suing at the first Term ; and this must be alleged and proven.

The plaintiffs cannot maintain their action, as they have not brought themselves within any of the predicaments of facts, which would fix liability on the defendant.

The appellant contends that the plea of the Statute of Limitations of four years was established by the evidence, and that the jury should have been instructed to that effect.

The note was due 1st June, 1852, and suit being on the 18th August, 1856, more than four years had expired after the accrual of the cause of action ; and the only question is, whether two temporary absences of the defendant from the State, of two or three months each, should be deducted, for if so, the time for the bar of the Statute was not complete.

The Court below was of opinion that the whole time of defendant's absence was to be excluded from the computation. The provision of the Statute on the subject is as follows : "If any person against whom there is, or shall be cause of action, is or shall be without the limits of this Republic, at the time of the accruing of such action, or at any time during which

the same might have been maintained, then the person entitled to such action shall be at liberty to bring the same against such person or persons after his or their return to the Republic, and the time of such person's absence shall not be taken or accounted as a part of this Act."

This exceptional provision includes, as we have decided, only persons who are residents of the State, and it might be contended that the two periods of absence, one at and the other after the accrual of the cause of action, were distinct and separate; and that the return being described as single, and such return having put the Statute in motion, it must continue to run notwithstanding the subsequent departure of the debtor from the State. But this view cannot be sustained. The rule that the Statute, when once commenced, will continue to run, notwithstanding a supervening disability, is but a rule of construction, which will not be applied where the Statute expressly, or by implication, authorises an exception. Suppose the debtor to be in the State at the accrual of the action, the Statute commences, and will continue as long as he remains, but will cease running when he leaves. The rule of construction then is to be disregarded, for the reason that it is repugnant to the Statute. But if it be disregarded when the debtor leaves for the first time, the Statute having before been in motion, why should it be regarded or enforced when he leaves for a second time, so as to make the Statute continue running after his departure? It may be said that the creditor could have sued after the return of the debtor, provided that were open and notorious. But this he might have done before his departure, provided the debtor were here at and for some time after the accrual. No good reason, it would seem, can be given why the rule, if allowed at all, should not apply in both cases, and give the Statute currency, as well during the first as during the second absence. In both cases the Statute is in motion, up to the departure of the debtor. But such construction would render wholly inoperative the clause

protecting the creditor against an absence commencing after the accrual of the cause of action. This abrogation, in effect of a portion of the provision of the Statute, cannot be permitted for the sake merely of a rule of construction; and we must examine for some other view of the Statute more consistent with its meaning, and not repugnant in itself.

It is manifest that in the opinion of the Legislature the person entitled to an action, whom we shall denominate a creditor, would be subjected to loss, in fact the suspension, if not defeat, of the right of action by the absence of his debtor; and to protect the creditor in his rights, and place him as to all his debtors and the debtors as between themselves, upon an equal footing, the Act construed fairly provides that the debtor, whether he absent himself at the time the action accrues, or afterwards, shall, on return, remain subject to the suit of the creditor for the whole time which the law prescribes as the term of limitation. The Statute declares that the time of the debtor's absence shall not be taken as part of the time limited by the Act—not his absence at the accrual of the action, nor his absence afterwards; but the terms include the whole time of his absence, whether at or after the right to bring suit. This exclusion of his absence, of necessity, requires, in order to render the bar effectual, the debtor to remain in the State for the time prescribed by the law. His residence may not be continuous, it may be broken by repeated absences, but excluding these he must to complete the bar remain, though at different times, yet sufficiently long to fill the measure of the Statute. Such seems the object, policy and meaning of the law, and such is the construction given to almost identical provisions by the learned Courts of Illinois and Alabama. (8 Ala. R. 386; 3 Gilman, 637; 4 Gilman, 125.)

The Section thus construed will probably work inconvenience, especially to citizens residing near the boundaries in the State. That all the temporary absences, even of a day, or a few hours, should be computed and excluded, seems not a little

preposterous, yet there is difficulty in allowing exceptions, unless they be extended to all absences of a temporary nature with the intention and fact of return.

The Courts of several of the States have shown a disposition to so construe their respective Statutes as not to permit temporary absences to suspend the running of the Statute.

In Connecticut, where the time during which the party subject to action shall be "without the State" is not to be computed, there is a strong case, (16 Conn. 106, as referred to by Mr. Angell, p. 245,) to the effect that where a person absents himself on business, leaving his family and property for eight months each year, during two successive years, intending a temporary absence and return, and there being an actual return, he was held not to be "without the State," within the meaning of the Statute.

In the Statutes of some of the States, there is a modification in referring particularly to the absence commencing after the right to sue, viz : in describing the debtor as not only absent, but as residing out of the State ; whereas, in our Statute, the expression is merely being without the limits of the State, and this has had some effect on the course of decision.

Absence from and residence out of the State, are used in New Hampshire, but this mode of expression seems to have had no influence on the rulings of the Court. It appears the settled rule in that State, that absence from the State, whether temporary or otherwise, during which legal service of process cannot be made upon the debtor, must be excluded. (3 Foster, 376.)

In 6 Foster, (348,) the defendant was absent from the State but his domicil and usual place of abode were within the State so that service could have been made by leaving a copy at his place of abode. It was held that the Statute did not stop against the claim on account of the defendants absence. The Statute had provided for service by leaving copy at the usual

place of abode, and though the creditor, by his counsel, insisted that judgment upon such service would not be conclusive in another State, yet such argument had no effect upon the Court, and they adjudged against him for not resorting in time to a mode of service provided by the law.

'No case in Massachusetts, under the 9th Sec. Rev. Stat. Ch. 181, has been brought within my notice in which the question of the effect of mere temporary absence has been considered. There have been several decisions in which the rule has been expressed that absences must be excluded from the computation, but none in which the effect of mere temporary absences was a point in the cause.

In New York, under the 27th Section, Rev. Statutes, Vol. 2, Part. 3, Ch. 4, Tit. 2, the absence of a person, at the accrual of the cause, until his return, is to be excluded, and if after such cause of action he depart from and reside out of the State, his absence shall not be taken as part of the time limited for such action. This Section has, it is believed, received no authoritative decision in the Court of Appeals. In Cole v. Jessup, (2 Barb. Sup. Ct. R. 309,) it was held that under the last clause of the Section, successive absences could not be accumulated, and the aggregate deducted from the time elapsed after the accruing of the action. That the Statute provided only for a single departure and return after which it continues to run notwithstanding any subsequent departure. This view of the Statute was said to have been taken by Mr. Justice Nelson, in the Circuit Court of the United States, in Dorr v. Swartwout. The reverse has been decided in other Courts in New York. (Ford v. Babcock, 2 San. S. C. R. 318 ; 2 Barb. Ch. R. 387 ; 2 Smith Com. Pl. R. 172.) From the tenor of the decisions in New York, the conclusions will, probably, be that temporary departures, with immediate returns, will not affect the running of the Statute. But enough of reference to the decision of other States.

Whether there should be such change in our law as not to allow mere temporary departures to suspend the Statute, must be left to the wisdom of the Legislature.

It must be remembered that in most cases, the return of the debtor can be of very little service to the creditor. The debtor cannot be arrested if he were present. And while absent, he may be brought in by publication or by attachment, original or judicial. While man is suspending his laws into the distant future, that justice may be done, nature is silently, but surely, destroying the evidences by which alone we can ascertain what is just between the parties. Papers are exposed to loss—the memories of the witnesses fail, or they die or are dispersed. But without further comment on the subject, we will bring this Opinion to a close by declaring that the District Court did not err in holding that the periods of both absences must be excluded from the computation.

But there being error on other grounds, ordered that the judgment be reversed and cause remanded for a new trial.

Reversed and remanded.