WILLIAM HUNT v. WILEY & PORTER.

(No. 2071, Op. Book No. 2, p. 528.)

APPEAL from Milam County.   Opinion by WATTS, J.

§ **1214.** *Citation; sufficiency of; construction of statute.*   It was objected to the citation in this case that it did not state the names of all the parties to the transaction, or the nature of the demand.   The suit was upon a note executed by John Gilliland and M. A. Gilliland as principals, and appellant Hunt as indorser.   John Gilliland being dead at the institution of the suit was not made a party, and his name was not mentioned in the citation.   *Held*, the statute requires that the citation shall state "the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties, and the nature of the plaintiff's demands."   [R.

S. 1215.] The citation sufficiently complies with these requirements. The suit is against M. A. Gilliland and William Hunt. They are the parties to the suit, and the citation gives their names. It was not necessary to give the names of all the parties to the transaction. The citation states the nature of the demand to be a note of a particular date, payable at a particular time, for a particular amount, upon which Hunt is bound as indorser. The design, doubtless, of the codifiers in dispensing with the necessity of issuing a copy of the petition in certain cases was to save costs, and it could not have been intended that the citation required to be issued should serve the purpose or supply the place of a copy of the petition in giving a prolix statement of the plaintiff's cause of action. It was thought enough if it indicated to the defendant the nature of the demand, and referred to the petition filed, from which he could have full information. The objections made to the citation were properly overruled.

§ **1215.** *Indorser; diligence to fix liability of; sufficient excuse for not suing to first term, etc.* Appellees alleged as an excuse for not instituting their suit against Hunt, the indorser, to the first term of the court after the maturity of the note [R. S. 262], that John Gilliland, one of the makers of the note, died before its maturity, and that his estate was, at the maturity of the note, notoriously insolvent, and that the other maker of the note, M. A. Gilliland, was at the maturity of the note, and ever since had been, also notoriously insolvent. These facts were proved on the trial. *Held*, that this is a good cause shown why suit was not brought to the first term of the court has been decided by many decisions of our supreme court. The appellant's counsel earnestly urges that Hemphill, Lipscomb and Wheeler erred in these decisions, and that the error should be corrected. We prefer that the law upon this subject shall remain settled as they have settled it. It is well known, works no injury, and there could not be the slightest reason for

changing it. [R. S. 262, 1208; Insall v. Robson, 16 Tex. 128; Platzer v. Norris & Co. 38 Tex. 1; Stratton v. Johnston, 36 Tex. 90; Fisher v. Phelps, 21 Tex. 551; Grayson v. Taylor, 14 Tex. 675; Hanrick v. Alexander, 51 Tex. 494.] November 16, 1881.            Affirmed.