## C. W. HAHL v. W. L. ELLWOOD.

Decided February 25, 1904.

Mortgage—Limitations—Acknowledgment of Debt.

A recital in a mortgage that it was given subject to a prior mortgage was an express acknowledgment that the prior mortgage was a valid and subsisting obligation and an implied promise to pay it presumably made for the benefit of the prior mortgagee, and sufficient to relieve such prior mortgage debt from the bar of the statute of limitation. City of Houston v. Jankowskie, 76 Texas, 370, criticised.

Appeal from the District Court of Harris. Tried below before Hon. Norman G. Kittrell.

*L. B. Moody,* for appellant.

*Baker, Botts, Parker & Garwood,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by the appellant to recover of appellee the title and possession of the north half of the Sanders L. Noble 1280-acre survey in Harris County. The petition is in ordinary form of an action of trespass to try title.

The defendant answered by plea of not guilty, and by special plea in which he declared upon a joint and several note for $1200 executed by O. L. Thisler and J. J. and Sara Schneider on April 26, 1895, and payable to the order of defendant one year after date, with interest from date at the rate of 6 per cent per annum. This plea averred in substance that the note above mentioned was secured by a mortgage upon the land in controversy executed by the makers of said note who were the then owners of said land; that after the execution of said note the said O. L. Thisler on April 1, 1898, acquired the interest of the said J. J. and Sara Schneider in said land; that on the 17th day of May, 1900, Thisler and wife executed a mortgage on the said Noble survey for the purpose of securing the Central Trust Company in the payment of a note for $4000, and expressly recited in said mortgage that it was subject to the prior mortgage on the north half of said survey in favor of the defendant; that after the acquirement by Thisler of the interest of said Schneiders in the land by which said note was secured he repeatedly, both verbally and in writing, acknowledged the existence of the debt evidenced by said note and promised to pay the same; that by reason of said promises the original indebtedness evidenced by said note, together with the lien given by said mortgage, was extended and kept alive and said Thisler became liable and promised to pay said note according to its terms and effect. The plea then declares upon a written renewal of said note executed by Thisler on February 7, 1903. The following averments are also made:

"This defendant says that the indebtedness evidenced by the above

note and the lien securing the same, were further extended and kept alive by the said O. L. Thisler, by reason of this: that on May 17, 1900, at a time when he was the owner of the land involved in this suit, O. L. Thisler, joined by his wife Frances M. Thisler, executed a mortgage to the Central Trust Company on the whole of the Sanders L. Noble survey, the land involved in this suit being the north half of said survey, said mortgage being recorded in volume 43, page 105, of the mortgage records of Harris County, Texas, and in said mortgage the said O. L. Thisler expressly acknowledged the justness and existence of the debt, evidenced by the above mentioned note and lien, by the following recital which appears in said mortgage to the Central Trust Company: 'Subject to a prior mortgage on the north half of said land in favor of W. L. Ellwood,' the mortgage referred to in said recital being the mortgage given by O. L. Thisler to W. L. Ellwood to secure the note above mentioned. And by virtue of said recital the said Thisler recognized and acknowledged the existence and justness of the debt, evidenced by the above mentioned note, and of the lien securing same, and thereby promised to pay same, and on account thereof became indebted to this defendant, and obligated to pay him the said sum of twelve hundred dollars with interest at the rate of 6 per cent per annum, from August 26, 1895, said sum to be secured by a lien on the land described in said mortgage to said W. L. Ellwood.

"That although more than four years have elapsed since the date that said note according to its face became due, that said note was payable in the State of Illinois, and the contract evidenced by said note was performable in said State, and said note being in the nature of a bond or promissory note, the law of the said State of Illinois is such that suit on said note would not be barred by limitation for ten years from the date when it became due and payable.

"That if the plaintiff is the holder of the legal title to said land, which is not admitted but denied, he holds same by virtue of a purchase made by him at a foreclosure sale under said mortgage to the Central Trust Company, judgment of foreclosure of said mortgage having been taken in the District Court of Harris County on June 4, 1901, and the mortgage and lien of this defendant were expressly perpetuated and kept alive by said judgment, and by the deed executed by the sheriff on the sale provided for in said judgment, said judgment expressly reciting that the lien is given subject to the mortgage of W. L. Ellwood on the north one-half of the land there described, and the deed to the plaintiff expressly reciting that the title is conveyed to him, subject to said mortgage of said W. L. Ellwood, and the land hereby sought to be recovered was thereby expressly made subject in the plaintiff's hands to this defendant's mortgage."

It is further averred that all of the makers of said note are non-residents of this State. The prayer of the answer is for judgment of foreclosure against plaintiff for the amount due upon said note, for sale of the land in satisfaction thereof, and for equity and general relief.

The plaintiff excepted generally and specially to defendant's answer and pleaded the statutes of limitation in bar of defendant's right to recover upon said note.

The trial in the court below was to the court and resulted in judgment in favor of plaintiff for the land in controversy and in favor of the defendant foreclosing his lien upon said land for the amount of the principal and interest due upon said note. From this judgment the plaintiff has appealed.

The evidence shows the execution of the note and mortgage as averred in defendant's answer. The note was executed in the State of Kansas and was payable in the State of Illinois. At the time this mortgage was executed Thisler and the Schneiders were the owners of the land.

This mortgage was properly recorded in the mortgage records of Harris County on November 22, 1895. By deed duly executed and recorded in the deed records of Harris County, J. J. and Sara Schneider on April 1, 1898, conveyed their interest in said land to Thisler. On May 17, 1900, Thisler executed a mortgage on the entire Noble survey to secure a note for $4000 in favor of the Central Trust Company. This mortgage contains the following recital following the field notes of the land thereby conveyed: "Subject to a prior mortgage on the north half of said land in favor of W. L. Ellwood, described as follows" (Then follows a description by metes and bounds of the land covered by the Ellwood mortgage). This mortgage was properly recorded in the mortgage records of Harris County on August 25, 1900.

It is agreed that the Ellwood mortgage mentioned in the mortgage of the trust company is the mortgage given to secure the note declared on by the defendant. The mortgage given by Thisler to the Central Trust Company was foreclosed by decree of the District Court of Harris County and the plaintiff purchased the land at the sale under said foreclosure decree. The decree of foreclosure, order of sale and the sheriff's deed to plaintiff all contain the recital above set out in the mortgage to the Central Trust Company. Thisler and J. J. and Sara Schneider are all nonresidents of this State. On the 7th of February, 1903, after the institution of this suit, Thisler renewed in writing his promise to pay the Ellwood note. The law of the State of Illinois was shown as alleged in the answer.

Upon these facts the trial court held that the recital in the mortgage to the Central Trust Company that it was "subject to a prior mortgage on the north half of said land in favor of W. L. Ellwood" was sufficient as a renewal of the debt evidenced by the Ellwood note and removed the bar of the statute of limitations.

Appellant under appropriate assignments of error assails this holding on the ground (1) that the acknowledgment of the justness of the debt was not made to Ellwood or to any person acting for him, and it is not shown that it was made for his benefit; and (2) that said acknowledg-

ment is insufficient in that it contained no promise to pay the debt evidenced by the note.

We think the recital in the mortgage from Thisler to the Central Trust Company that said mortgage was given subject to the prior mortgage in favor of Ellwood was an express acknowledgment that the Ellwood mortgage was a valid and subsisting obligation, and from the circumstances under which such acknowledgment was made it is evident that it was made for Ellwood's benefit. The Ellwood note was barred at the time the mortgage to the Central Trust Company was executed, and the only conceivable purpose which Thisler could have had in making the recital above referred to was to reinstate said debt. This could have been done only for Ellwood's benefit, and the fact that said recital was made in an instrument to be placed upon the records of the county in which the land was situated and where the Ellwood mortgage was recorded indicates that it was the intention of Thisler, who was then the sole owner of the land, that the acknowledgment of the existence of the debt contained in said recital should reach the ear of Ellwood and should be confided in and relied on by him. When this acknowledgment was placed upon the records of the county in which the land was situate it became as binding as if it had been delivered to Ellwood. Had Thisler executed a new mortgage in favor of Ellwood and placed it upon record in Harris County it can not be doubted that this would have reinstated the debt evidenced by the old mortgage, and yet it would not have more clearly indicated his intention of renewing said debt than his recital in the mortgage to the trust company, which he knew would be placed upon said record, and which was so recorded.

The statement in the opinion of Judge Stayton in the case of City of Houston v. Jankowskie, 76 Texas, 370, that an acknowledgment of a debt to be sufficient to support an implied promise to pay must be made either to the creditor or some person acting for him, was unnecessary for the decision of the case before the court, and therefore the rule announced is not authority which we must follow. While the rule announced is sound to the extent that an acknowledgment made to a stranger is generally insufficient, it seems to be well settled that whenever the acknowledgment is made for the benefit of the creditor and with the intention that it shall reach his ear and be relied on by him, it is sufficient. Palmer v. Butler, 36 Iowa, 576.

It is now well settled by the decisions of our Supreme Court that a promise to pay will be implied from an acknowledgment of the existence of a debt unless such acknowledgment is accompanied by expressions on the part of the debtor indicating an unwillingness to pay. Howard & Hume v. Windom, 86 Texas, 560; Burnett v. Munger, 23 Texas Civ. App., 278, 56 S. W. Rep., 103; Acres v. Acres, 22 Texas Civ. App., 584, 56 S. W. Rep., 196.

The Ellwood debt having been renewed prior to the inception of appel-

lant's title under the Central Trust Company's mortgage and appellant having purchased the land with full knowledge of the existence of the prior mortgage in favor of appellee, he could make only such defense to appellee's suit as would have been available to Thisler.

We are of opinion that the trial court correctly held that the recital in the mortgage before quoted was sufficient to renew the promises of Thisler to pay the note declared on by appellee, and judgment was properly rendered foreclosing appellee's lien upon the land in controversy. The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.