## GRAY et al. v. POWELL. (No. 1865.)*

(Court of Civil Appeals of Texas. El Paso. March 11, 1926. Rehearing Denied April 1, 1926.)

1. **Limitation of actions** ⊕➡145(1), 151(4)—Giving of mortgage constitutes new promise to pay, to which four-year statute of limitation applies (Rev. St. 1911, art. 5705).

The giving by debtor of a mortgage constitutes acknowledgment of debt, operating under Rev. St. 1911, art. 5705, as a new promise to pay such debt, to which four-year statute of limitation applies; this being true though mortgage contains no express promise to pay, as law implies such promise.

2. **Principal and agent** ⊕➡97.

Powers of attorney are strictly construed, and general expressions of authority contained therein are referable to specific acts expressly authorized.

3. **Principal and agent** ⊕➡100(3).

The power to sell or barter does not authorize the agent to mortgage.

4. **Limitation of actions** ⊕➡28(1), 143(1)—Execution of mortgage by one having only power to sell and barter pursuant to parol agreement to pay for services held not a renewal of debt as against principal, and hence two-year statute of limitation applies as against principal.

Execution by one having power only to sell and barter of mortgage on property taken in exchange, pursuant to parol agreement to pay mortgagee for certain services, being beyond his authority, held not to operate as renewal of debt to mortgagee as against principal, and hence, in suit against principal on such debt, two-year statute of limitation applies.

5. **Appeal and error** ⊕➡173(1).

Defense not pleaded in court below is not available on appeal.

6. **Appeal and error** ⊕➡500(2).

Where record on appeal does not disclose any action by court on defendants' general demurrers, they are presumed to have been waived.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by T. E. Powell against Marguerite T. Gray and others. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed and rendered in part.

Wilcox & Graves and W. H. Nunn, all of Georgetown, and Jerome P. Kearby, of Comanche, for appellants.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellee.

HIGGINS, J. Appellee, as the assignee of E. C. Pretz, filed this suit against the appellants, H. H. Ladd, Marguerite T. Gray, and her husband, L. N. Gray, to recover the sum of $5,000, and to foreclose a mortgage upon an undivided one thirty-second mineral interest in 105 acres of land in Eastland county. Judgment was rendered as prayed, and the defendants appeal. The petition declares simply upon the mortgage setting up the terms thereof and that plaintiff is the assignee of Pretz of the debt of $5,000 and the mortgage given to secure its payment. In avoidance of a plea that the plaintiff's cause of action was barred by the two-year statute of limitation the plaintiff, by supplemental petition, alleged:

"That the obligation therein sued on is evidenced by an instrument of writing, to wit, the deed of trust declared upon in the plaintiff's petition."

The material facts out of which the litigation arose are as follows:

Mrs. Gray, joined by her husband, gave Ladd a power of attorney, authorizing him—

"to sell and convey all of that certain tract of land lying and being situated in Comanche county, Texas, containing about 200 acres of land and being the same tract of land which was conveyed to me in 1917 (in name of Marguerite T. Winn, prior to my marriage to L. N. Gray) by H. H. Ladd and wife, by deed duly recorded in said Comanche county, Texas, reference to which is hereby made for more particular description of said land, being all the land I now own in said Comanche county, Texas. And I hereby give and grant unto my said agent and attorney in fact full power and authority in my name and in my behalf to execute, acknowledge, seal and deliver all deeds or other instruments in writing conveying the title to said land, execute any contracts of sale necessary for the sale of said land and give said agent and attorney the right, power and authority to sell said land for whatever price he deems best for my interest and to accept either cash or vendor's lien notes for said land or other property in trade for same, and to arrange the terms of said sale in whatever manner he deems best for my interest; and to do anything else necessary or proper in the sale of said land, and I do hereby ratify and confirm all of the acts of my said attorney in fact done by virtue of the powers conferred on him herein; said land being my own separate estate. "And I do also authorize my said attorney in fact and agent to receive and receipt for all moneys due to me from the person or persons buying said land or to accept conveyances of other property in exchange of same in my name and stead, and to do anything else necessary and proper in the disposal of said land as he sees best."

Under this power of attorney Ladd conveyed the land to A. E. Cook in exchange for one-half of a one-eighth mineral interest in 105 acres of land in Eastland county which was conveyed to Mrs. Gray by Cook and wife.

Ladd, acting for himself and as agent for Mrs. Gray, gave to Pretz the mortgage sued upon. The material portions thereof read:

"Do grant, bargain, sell, convey, set over and assign to E. C. Pretz the following, to wit: An undivided ⅟₃₂ interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Eastland county, Texas, to wit: [Here is given description of the 105 acres.]

"This conveyance, however, is intended as a trust to secure the said E. C. Pretz in the proper payment of $5,000.00 due him by the grantors herein, payable on or before three months after date and upon the payment of said $5,000.00 this conveyance shall become null and void, however, in case of failure to pay said $5,000.00 this conveyance to become absolute and the title to said ⅟₃₂ interest shall be vested in E. C. Pretz and remain in him until said $5,000.00 shall be fully paid."

The trial court made findings, in substance, as follows:

In order to effect the exchange Ladd enlisted the aid of Pretz, a friend of Cook and wife, to induce the latter to make the exchange agreeing for himself and the Grays to pay Pretz $5,000 for his services if he effected the exchange and to give him a lien upon the mineral interest to be conveyed by the Cooks. The exchange was effected through Pretz's efforts and the mortgage was given in pursuance of the oral agreement so to do.

It is insisted the agreement to pay Pretz $5,000 for his services rested in parol, and the debt sued upon was therefore barred by the two-year statute of limitation, the suit having been brought about two years and nine months after the transaction occurred.

[1] It is well settled under the authorities in this state that the giving of a mortgage by the debtor constitutes an acknowledgment of the justness of the debt which it is given to secure, and under article 5705, R. S. 1911, operates as a new promise to pay such debt, and the four-year statute of limitation applies. This is true though the mortgage contains no express promise to pay. The law implies such promise. Grayson v. Taylor, 14 Tex. 672; Kalteyer v. Mitchell (Tex. Civ. App.) 110 S. W. 462, affirmed, 117 S. W. 792, 102 Tex. 390, 132 Am. St. Rep. 889; Hahl v. Ellwood, 79 S. W. 829, 34 Tex. Civ. App. 642; Meyer, etc., v. Rather (Tex. Civ. App.) 30 S. W. 812; Farrell v. Palestine, etc. (Tex. Civ. App.) 30 S. W. 814; Martin v. Somervell County, 52 S. W. 556, 21 Tex. Civ. App. 308; Austin v. Lauderdale (Tex. Civ. App.) 83 S. W. 413.

We are therefore of the opinion that as to Ladd the four-year statute of limitation applies; but as to Gray and wife the mortgage does not operate as a renewal of the debt for want of authority on the part of Ladd to execute the same.

[2, 3] Powers of attorney are strictly construed. General expressions of authority therein contained are referable to the specific acts expressly authorized. Frost v. Erath Cattle Co., 17 S. W. 52, 81 Tex. 509, 26 Am. St. Rep. 831; Skivin v. O'Brien, 95 S. W. 696, 43 Tex. Civ. App. 1. The power to sell or barter does not authorize the agent to mortgage. Texas, etc., v. Klapproth (Tex. Com. App.) 209 S. W. 392; Bank v. Hicks, 59 S. W. 842, 24 Tex. Civ. App. 269.

[4] The power of attorney given by Gray and wife authorized Ladd to sell and convey 200 acres of land in Eastland county for cash or vendor's lien notes or to accept other property in trade for same; to receive and receipt for "all moneys due to me from the person or persons buying said land or to accept conveyances of other property in exchange for same in my name and stead and to do anything else necessary and proper in the disposal of said land as he sees fit." If there is the slightest intimation in the instrument that Ladd was invested with any jus disponendi of property which he might accept in exchange we do not see it. Under a power to sell or barter he made an exchange and mortgaged the property which he traded for. He was clearly without authority to execute the mortgage.

Wright v. Blackwood, 57 Tex. 644, cited by appellee, does not support the judgment rendered against the Grays. The power of attorney and facts under consideration in that case were quite different from the present case.

Ladd having no authority to execute the mortgage, it follows that such mortgage did not operate as a renewal of the debt of Gray and wife created by the parol agreement to pay Pretz for his services. Kalteyer v. Mitchell, supra. As to Gray and wife, the two-year statute of limitation applies.

[5] It is insisted the plaintiff could not recover because the evidence discloses that Pretz, without the knowledge and consent of appellants, accepted compensation from Cook and wife for effecting the exchange. No such defense was pleaded. It is therefore not available.

[6] Ladd complains of the overruling of a general demurrer and special exception to the petition. The record does not disclose any action by the court upon the demurrers, for which reason it is presumed they were waived. Furthermore, the special exception was without merit because it related to the issue of limitation which is ruled adversely to Ladd upon the view stated with respect to the effect of the mortgage.

We think the petition good as against general demurrer. In any event, it was not so fatally defective in substance that it would not support the judgment, and the defects therein, if any, were cured by the evidence and findings of the court.

The judgment will be affirmed as to Ladd; reversed and rendered as to Mrs. Gray and husband. The affirmance against Ladd is not to be construed as implying that he has

any interest in the mineral right which is foreclosed upon against him.

Affirmed as to Ladd; reversed and rendered as to Mrs. Gray and her husband.