**STEIN v. HAMMAN et al.   (No. 8909.) ***

Court of Civil Appeals of Texas. Galveston.
Jan. 12, 1927.

Rehearing Denied Dec. 6, 1928.

Stevens & Stevens, of Houston, and Clinton L. Dutton, of Richmond, for appellant.

D. R. Peareson and Peareson & Peareson, all of Richmond, for appellees.

LANE, J. This suit was instituted on the 21st day of September, 1923, by George Hamman, J. W. Hampil, and T. J. Holbrook, in the capacity of trustees in bankruptcy of J. H. P. Davis & Co., bankers, against Max Stein. The suit was to recover the sum of $46,229 with interest thereon from March 1, 1923, at 6 per cent. The plaintiffs alleged substantially that the indebtedness sued on arose by reason of the payment by J. H. P. Davis & Co., doing business as bankers, of drafts, checks, orders, and demands drawn or made on them by Max Stein at various and sundry times; that on various occasions and dates Max Stein was furnished with itemized statements of the account sued on, and was so furnished, with such statement on the 5th day of April, 1923; that upon receipt of such statements, Max Stein verbally acknowledged the same to be correct statements of his account with J. H. P. Davis & Co.; that on the said 5th day of April, 1923, and after receiving said statements, Max Stein delivered to plaintiffs a certain note for the sum of $235 executed by one C. H. Brown payable to Max Stein; that upon being asked if he would transfer said note as collateral to secure his overdrafts. Max Stein consented to do so. Thereupon D. R. Peareson, attorney for the assignees of Davis & Co., wrote across the back of the note the following: "As collateral to secure my over-drafts to J. H. P. Davis & Company." That thereupon Max Stein then and there signed his name under such indorsement and redelivered the note to the assignees of Davis & Company, and that by such indorsement Max Stein did, on said 5th day of April, 1923, acknowledge that the amounts of the overdrafts sued on were just, due, and unpaid, and thereby renewed his promise and obligation to pay said overdrafts, and upon such promise and obligation they bring their suit.

Defendant answered by special exceptions, all of which were overruled by the court, by general denial, and by specially pleading the Statutes of Limitation of Two and Four Years (Vernon's Ann. Civ. St. 1925; Arts. 5526, 5527) in bar of plaintiffs' right to recover.

It was shown that, besides the overdrafts sued upon, there were other overdrafts owing by Max Stein, called "New Accounts" and "Max Stein Special."

J. W. Hampil, one of the plaintiffs, was permitted to testify, over the objection of the defendant, that he was one of the trustees in bankruptcy of J. H. P. Davis & Co., and that he had a conversation with defendant some time in April, 1923, in reference to the account sued on; that at that time a statement of the account was shown to the defendant, and he acknowledged it as being a just account and said he would pay it; that at such time he (witness) was one of the assignees of J. H. P. Davis & Co., and saw defendant sign the following indorsement upon the back of the note executed by C. H. Brown on the 7th day of May, 1919, for the sum of $235, payable to defendant, to wit: "As collateral to secure my over-drafts to J. H. P. Davis & Company." At this point the Brown note, together with the indorsement on the back thereof, was introduced in evidence, to the introduction of which defendant objected. Before the introduction of the note and indorsement, however, D. R. Peareson had testified practically as did Hampil. Both Hampil and Peareson also testified that, upon request to do so, defendant refused to sign a demand note closing the account; that he was unwilling to sign an obligation to pay the account.

Peareson further testified that in April, 1923, he asked defendant if he would not just put his O. K. on the statement of the account handed to him, and that defendant repeated his statement that he was not going to O. K. the account, but stated that it was just and that he was going to pay it; that he finally asked defendant whether he would transfer some notes as collateral, among which was the Brown note, to secure the payment of his overdrafts, and that defendant said he would; and that he (Peareson) wrote the indorsement on the note and handed it to defendant, and he signed it.

There was ample evidence to support a finding that defendant at the time of bringing the suit was indebted to the plaintiffs, as

such trustees, in the sum of $40,000 as evidenced by his drafts drawn on J. H. P. Davis & Co.

The parties waived a jury and submitted the matters and things in controversy to the court. After the plaintiffs had stated to the court that they would remit, as interest charges, all sums sued for in excess of $40,000, the court having found that they were not entitled to judgment for the sum so remitted, the court held that the indorsement on the note was a writing signed by Max Stein, sufficient in law as an acknowledgment of the justness of the indebtedness sued on, and had the effect to renew defendant's obligation to pay the same, and that the debt was not barred by the statutes pleaded by defendant. Thereupon, and upon the pleadings and evidence, the court rendered judgment for plaintiffs for the sum of $40,000 against defendant, and from the judgment so rendered the defendant appealed.

Assignments Nos. 1, 6, 8, 9, 10, and 11, reduced to their ultimate, assert substantially that the court erred in finding that the account sued on was not barred by the Statute of Limitation of Two Years pleaded by appellant, such finding being based upon his erroneous holding that said account had been removed from the operation of the law of limitation by reason of the execution and delivery by appellant of the writing indorsed on the C. H. Brown note, in that: (1) Such indorsement showed on its face that it was only in the nature of a security and was not such a writing as is required by law to take a claim barred by limitation from such bar; (2) such indorsement did not designate what drafts were referred to therein, and did not in fact by implication or otherwise obligate appellant to pay any overdrafts; and (3) that the undisputed evidence shows that prior to the signing of the indorsement by appellant, if he did so, he had refused to execute a demand note for the amount due on said overdrafts or to O. K. in writing the accounts shown by the statement exhibited to him, and that if he signed said indorsement he did not do so with the understanding that he was acknowledging the account and promising to pay same.

■ We are not prepared to hold that the court erred in the findings complained of. The testimony of both D. R. Peareson and J. W. Hampil was to the effect that prior to the 5th day of April, 1923, an itemized statement of the account was exhibited to appellant; that on said date they had a conference with appellant relative to the amount shown by the statement, and first asked him to sign a demand note for the amount shown by the statement to be due by him to Davis & Co., and upon his refusal so to do, they asked him to put his O. K. upon the account, and this he refused to do, but later D. R. Peareson wrote the indorsement shown on the Brown

note and asked defendant to sign the same, and he did so. Under these circumstances, we are not prepared to say that appellant did not finally conclude that as he owed the account he would so acknowledge it as a subsisting debt by signing the indorsement on the note. The last statement, however, is made in refutation of appellant's contention that the court erred in not accepting his refusal to execute the demand note mentioned and to O. K. the account as conclusive proof that he did not, by the indorsement, acknowledge the debt sued on.

■ We have also reached the conclusion that the testimony of the witnesses Peareson and Hampil that prior to the execution of the indorsement on the Brown note an itemized statement of the account sued on was exhibited to appellant, and that after an examination of the same he pronounced it a correct statement of what he owed Davis & Co. on his overdrafts shown by said statement, was properly admitted in evidence for the purpose, and only for the purpose, of identifying the overdrafts referred to in the indorsement on the Brown note.

■ We have also reached the conclusion that since, by such evidence, it was shown that, at the time the indorsement was executed, appellant had in mind that the overdrafts referred to therein were those shown in the itemized statement exhibited to him just before said indorsement was executed, we must look to the instrument, the indorsement alone, in determining whether or not appellant acknowledged the existence of the account sued on and that he owed the same.

By the indorsement, appellant states, in effect, that he placed the Brown note in the hands of the assignees of Davis & Co. as collateral to secure his overdrafts. The only reasonable interpretation to be given to the instrument, when looked to alone, keeping in mind the identity of the overdrafts referred to therein, is that appellant acknowledged that the account, termed overdrafts, sued on was a subsisting debt due by him to Davis & Co., and to secure the payment of which he was transferring the Brown note. Since the language used in the instrument clearly imports an acknowledgment of the debt sued on as a subsisting debt, we are not at liberty to receive oral testimony to vary its terms.

■ There is abundant authority for holding that any writing signed by a debtor which, by its language, clearly acknowledged a debt against himself, barred by limitation, to be a subsisting debt, implies a promise on the part of the debtor to pay the same, and is sufficient to take the same out of the operation of the Statute of Limitation. Cotulla v. Urbahn, 104 Tex. 208, 135 S. W. 1162, 34 L. R. A. (N. S.) 345, Ann. Cas. 1914B, 217; Webber v. Cochrane, 4 Tex. 34; Howard v. Windom, 86 Tex. 560, 26 S. W. 484;

Hahl v. Ellwood, 34 Tex. Civ. App. 642, 79 S. W. 829; Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 196; Martin v. Somervell County, 21 Tex. Civ. App. 308, 52 S. W. 557; McDonald v. Ayres (Tex. Civ. App.) 269 S. W. 1105; Grayson v. Taylor, 14 Tex. 672; Gray v. Powell (Tex. Civ. App.) 282 S. W. 632; Big Diamond Milling Co. v. Chicago, M. & St. P. Ry. Co., 142 Minn. 181, 171 N. W. 799, 8 A. L. R. 1254.

What we have said above disposes of assignments Nos. 3 and 4, by which appellant complains of the action of the court in permitting the witnesses Peareson and Hampil to testify that a statement of the account sued on was exhibited to appellant on the 5th day of April, 1923, and that appellant stated that it was correct. We have held that the testimony was admissible for the purpose of identifying the overdrafts referred to in the indorsement sued on, and only for such purpose.

What we have said disposes of all the issues presented, and for the reasons pointed out the judgment is affirmed.

Affirmed.