## CAFFARELLI BROS. v. PEARCE et al. (No. 8034.)

Court of Civil Appeals of Texas. San Antonio. Oct. 3, 1928.

Rehearing Denied Nov. 14, 1928.

Wm. Aubrey and C. E. Caruthers, both of San Antonio, for appellants.

Terrell, Davis, Huff & McMillan, Dodson & Ezell, and Thomson, Dilworth & Marshall, all of San Antonio, for appellee.

SMITH, J. On October 21, 1913, the land involved was conveyed by its then owner, Kraft, to Friesenhahn and Albrecht, jointly, in consideration, in part, of their vendor's lien note for $4,000, maturing January 1, 1919.

On March 27, 1922, Friesenhahn conveyed his undivided interest in the land to his co-owner, Albrecht, who, in part consideration therefor, assumed in said conveyance to pay said outstanding $4,000 note. On the same day Albrecht gave a deed of trust upon the land to secure her $2,000 obligation to a third party, Giesler, whose lien, thus secured, was junior to the vendor's lien to secure the prior outstanding note for $4,000. These two obligations, for $4,000 and $2,000, respectively, and the liens to secure their payment, continued in unquestioned force and unpaid, until January 1, 1923, on which date the $4,000 note, if tested by its own terms alone, became barred by the four-year statute of limitations, but was not so barred if its assumption by Albrecht had the effect of interrupting the running of limitations.

█ Out of this state of facts arises the first question presented in the appeal. In the conveyance from Friesenhahn to Albrecht the assumption by the latter, of the $4,000 debt, was expressed in these words:

"In consideration of $1 and further consideration of the said Albrecht assuming the payment of the principal sum of $4,000 and accrued interest on" said $4,000 note, specifically described.

The precise question is: Did the assumption, so expressed and seasonably recorded, operate to extend the time of maturity of said $4,000 obligation for four years from the date of that assumption, so as to avoid the application of the bar of limitation (invoked by the junior lienholder) to the maturity date expressed in the original obligation? And, would the assumption be effective as against the junior lienholder, whose lien would have attained superior rank over the prior lien but for the interference of that assumption, so construed?

It is perhaps appropriate to observe that neither the owner and holder of the $4,000 note, the maturity of which is thus sought to be extended, nor the owner and holder of the junior lien thus sought to be postponed, was a party to the contract of assumption or extension.

We conclude that under the decisions in this state the trial court correctly held that the assumption of the $4,000 note by Albrecht had the effect of postponing the bar of limitation for the period of four years from the date of such assumption, and that such effect operated upon the junior lienholder in the case.

█ It is apparently settled that a second lienholder takes his lien subject to the legal right of the original parties to the first lien to extend the period of its operation. Ware v. Bennett, 18 Tex. 794; Johnston v. Lasker, 2 Tex. Civ. App. 494, 21 S. W. 961; Kearby v. Hopkins, 14 Tex. Civ. App. 166, 36 S. W. 506.

█ It seems to be equally well settled that when the grantee in a conveyance assumes an existing debt and lien against real property conveyed, such assumption operates to keep the debt and lien alive for four more years, as between the parties. Hahl v. Ellwood, 34 Tex. Civ. App. 642, 79 S. W. 829; Acers v. Acers, 22 Tex. Civ. App. 584, 56 S. W. 196; Clayton v. Watkins, 19 Tex. Civ. App. 133, 47 S. W. 810.

So does it appear to be settled by the authorities cited that when a second lien is laid upon real property upon which a prior lien legally exists at the time, the second lien is taken subject to the first, and the latter may be renewed or extended by the parties to it without reference to the second lien, which remains subordinate.

█ And this is true in cases of assumption, as in this case. The assumption by Albrecht, of the obligation securing the first lien, operated to interrupt the limitation then running against that obligation, and to extend the period four years; and the assumption being of record it was binding upon the junior lienholder, whose right to assert limitations against the senior debt and lien was no greater than that of the mortgagor. Giles v. Miners' Bank (Tex. Civ. App.) 198 S. W. 170; Ringle v. Waggoner (Tex. Civ. App.) 238 S. W. 236; Denman v. Loan Ass'n (Tex. Civ. App.) 200 S. W. 1109; Russell-Coleman Oil Mill v. Johnson (Tex. Civ. App.) 287 S. W. 134. Appellants' third, second, fourth, first, sixth, and fifth assignments of error and the respective propositions of law thereunder, in which the questions decided are raised, must be overruled.

On July 3, 1923, the land involved was incumbered with three distinct liens: First, a vendor's (first) lien to secure the note for $4,000, then held by one Walter Schumann; second, a deed of trust (second) lien to secure a note originally for $2,000, but subsequently enlarged to $2,397.80, held by Gies-

ler; and, third, a vendor's (third) lien to secure notes for $1,000, held by Caffarelli Bros.

In this situation Giesler sought to foreclose his (second) lien, and under the terms of his deed of trust the land was advertised to be sold on said July 3. On that day Schumann, holder of the first lien, signed and delivered this letter to Caffarelli Bros., holders of the third lien:

"July 3rd, 1923.

"Caffarelli Bros., San Antonio, Texas.

"Dear Sirs: As an inducement to you to purchase the note of Mrs. Anna Albrecht to August Geisler and Marie Geisler for $2,397.80 secured by lien on certain property situated in the town of Selma, Texas, which purchase is to be made in order to prevent the sale of such property under deed of trust securing said note, said sale having been advertised to take place on July 3rd, 1923, I hereby acknowledge and state that as a matter of law the lien or liens held by me against said property to secure the payment to me for a note for $4,000.00 which has been extended, are inferior and subordinate to said Geisler deed of trust lien.

"Yours very truly,     Walter Schumann."

Upon receipt of this letter, Caffarelli Bros., relying upon Schumann's assurance that as a matter of law the lien securing the $4,000 note held by him was "inferior and subordinate to said Geisler deed of trust lien," were thereby induced to, and did thereupon, purchase the Geisler note and lien, thus averting the advertised forced sale thereunder.

Fifteen months later Schumann sold the $4,000 note and lien to one Sherman, who in turn sold it to Berrien Lee Pearce, who brought this action to recover upon the note and for foreclosure of the lien given to secure it, as against all persons, including Caffarelli Bros., holders of the Geisler note and second lien, as well as of the $1,000 note and third lien. Caffarelli Bros. reconvened and sought to establish the superiority of their Geisler lien over the prior lien, and in the alternative to recover of Schumann a personal judgment for such damages as they sustained by reason of having purchased the Geisler note and lien upon Schumann's assurance that the lien held by him was inferior to the lien he thereby induced Caffarelli Bros. to purchase. Caffarelli Bros. lost upon both contentions in the court below, and have appealed.

It is contended by Caffarelli Bros., in view of the holding that their lien was inferior to that of Schumann, that the letter from Schumann to them embraced and constituted a statement which, being communicated to them, caused them to act thereupon to their injury, whereby Schumann was estopped to thereafter deny the truth of that statement, and was rendered personally liable to indemnify appellants for all damages sustained by them in consequence of the statement.

None of the circumstances are shown under which Schumann made the statement to appellants. From the situation of the parties as disclosed by the record, however, it is apparent that it was to the advantage of both parties that the impending foreclosure of the second lien be halted. Naturally, both Schumann and appellants, owners of the first and third liens, respectively, desired to avert this sale, and appellants purchased the second lien for that purpose. Appellants had notice of the status of the several claims and liens against the common security, and purchased in the face of this knowledge. They must have known that, notwithstanding his statement of his legal opinion to the contrary, Schumann's lien was superior to the Geisler lien, and that this opinion, even if binding upon Schumann, could affect no others, without notice.

Neither party took any steps to effectuate Schumann's opinion as to the relative dignity of the two liens. Appellants placed the letter in their business files and kept it there, thus concealing it from third parties. And 15 months after appellants acquired the Geisler note and second lien, Schumann sold and transferred the $4,000 note and first lien, without recourse upon him, to a stranger, who, without notice of the letter in question, became an innocent purchaser of the first lien.

In these transactions Schumann made no representations, claims, or admissions concerning the relative rank of the liens, the records whereof spoke for themselves. He has never repudiated his statement to appellants. He has never, in court or out, asserted the superiority of his lien over that of appellants, nor does he now assert it. So far as the record discloses to the contrary, he has acted in good faith throughout the transactions. If he himself had sought to establish and enforce the superiority of his lien over that of appellants, a very different question would be presented. But in the absence of a charge or proof of fraud, or of bad faith upon Schumann's part, and of consequential injury, we think the trial court correctly held that Schumann was not liable in a personal judgment in favor of appellants. Accordingly, we overrule appellants' remaining assignments of error, Nos. 8, 9, and 10.

Other questions are presented by appellants, but they are incidental and subordinate to those here decided.

The judgment is affirmed.