**Dissenting Opinion Filed June 7, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01209-CV

**FRANK LIPTAK, Appellant**

**V.**

**MEGAN BRUNSON, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02919-2010**

## DISSENTING OPINION

Opinion by Justice Murphy

Section 16.063 suspends the running of the applicable statutes of limitation for persons temporarily absent from the state. TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (West 2008). By concluding the statute does not apply to Texas residents, the majority has rendered the statute meaningless and effectively repealed the statute.

The Texas Supreme Court declared long ago that a change in the law allowing for temporary departures of residents from the state to toll the running of statutes of limitation "must be left to the wisdom of the legislature." *Fisher v. Phelps, Dodge & Co.*, 21 Tex. 551, 560 (1858). As observed by the supreme court in *Fisher*, this tolling provision applied originally only to residents. *Id*. at 556 (describing provisions of section 16.063's predecessor statute, which

includes "only persons who are residents of the state," as "exceptional"). It was extended to non-residents who were present in Texas when an obligation arose or a cause of action accrued. *See Vaughn v. Deitz*, 430 S.W.2d 487, 490 (Tex. 1968), *overruled by Ashley v. Hawkins*, 293 S.W.3d 175 (Tex. 2009) (applying to auto accident); *Stone v. Phillips*, 176 S.W.2d 932, 933 (Tex. 1944) (applying to debt); *see also Ahrenhold v. Sanchez*, 229 S.W.3d 541, 543 (Tex. App.—Dallas 2007, no pet.).

The application of section 16.063 to non-residents came under scrutiny in 2008 when the Texas Supreme Court, faced with a constitutional challenge in *Kerlin v. Sauceda*, 263 S.W.3d 920 (Tex. 2008), held section 16.063 does not apply to a non-resident who is amenable to service of process under the long-arm statute. *Id*. at 927. The court reasoned that the non-resident, by virtue of the general long-arm statute, is present in the state. *Id*. at 928. *Kerlin* involved contract and various tort claims regarding primarily oil and gas royalties. *See id.* at 924.

The next year, the supreme court addressed the issue again, concluding in *Ashley* that section 16.063 does not apply to a non-resident involved in an automobile accident in Texas. It again reasoned the non-resident defendant is present in the state and, in that instance, amenable to service of process through both the Chairman of the Texas Transportation Commission and the Secretary of State. *Ashley*, 293 S.W.3d at 178–79. The court therefore overruled its prior *Deitz* decision in which the court had concluded the tolling provision applied to a non-resident in the same situation. *Id.* at 179. The court noted further that *Deitz*'s continued application "may" pose constitutional problems. *Id*. at 179 n.4 (citing *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 892–94 (1988) (holding states cannot condition statutes of limitation on requirement non-residents appoint local agent for service)).

The supreme court's holdings regarding the applicability of section 16.063 were limited expressly to non-residents in both *Kerlin* and *Ashley*. By extending the holdings in these cases to a resident defendant involved in an automobile accident, the majority effectively repeals section 16.063. For more than 150 years, Texas has had a tolling statute applicable to residents. Section 16.063 is titled "*Temporary* Absence From State." TEX. CIV. PRAC. & REM. CODE ANN. § 16.063 (emphasis added). The presence of a non-resident in the state by virtue of a long-arm statute does not equate with the presence of a resident in the state. While a court in Texas no doubt has personal jurisdiction over a resident, service on a resident may not be effected through the long-arm statute by simply mailing process to a governmental agent such as the Secretary of State. While the viability of a tolling statute such as section 16.063 has come under question since the supreme court's *Fisher* decision in 1858, I would echo that it is solely the legislature's province to repeal the statute. *Fisher*, 21 Tex. at 560. I therefore respectfully dissent.

/Mary Murphy/
MARY MURPHY
JUSTICE

111209F.P05