WILLIAM GENTRY AND S. C. GENTRY v. BOWSER & LEMMON.

No. 803.

1. **Jurisdiction of County Court—Fixtures to Realty.**—Where, before a chattel mortgage is given thereon, machinery such as a corn mill, steam engine, and press, with belting, etc., is so attached to realty as to become a fixture, and part thereof, the County Court is without jurisdiction to foreclose such mortgage.

2. **Same—Pleading—Power to Determine Jurisdiction.**—A writ of sequestration, issued in an action in the County Court to foreclose a chattel mortgage, having been levied on certain machinery, the defendant pleaded that such machinery was a fixture to realty, and attached as such to his homestead place when the mortgage was given. *Held,* that a demurrer to such answer and plea, urged on the ground that the court had no jurisdiction to determine the ownership of the land, was improperly sustained, and that the court had power to determine its jurisdiction over the subject matter of the suit, whether the allegations disclosing a want of such jurisdiction appeared in the petition or in the answer.

3. **Same — Jurisdiction of Claim of Damages for Rental Value of Realty.**—Where, under a writ of sequestration issued from the County Court, machinery constituting a fixture to realty is levied on and taken into possession, together with the premises on which it is situated, the defendant may in that suit properly plead against the plaintiff a claim of damages for the rental value and use of such property while he was so deprived of its possession, his plea therefor not alleging the acts of the plaintiff as a conversion of the property.

4. **Homestead — Fixtures Thereto not Subject to Mortgage.**— Where the owner of a country homestead places machinery thereon in such manner that it becomes a fixture to the realty, such machinery is not subject to mortgage after being so attached.

5. **Pleadings—Special Exceptions not Well Taken.**—See the opinion for pleadings by way of answer held sufficient as against special exceptions urged for failure to itemize a claim of damages caused by a levy on certain fixtures, and for failure to give a more specific description of defendant's homestead and family.

APPEAL from the County Court of Dallas.   Tried below before Hon. E. G. BOWER.

*Robert H. West*, for appellants.—1.   Whenever it becomes necessary to inquire into the character of any one's possession to land, even including the title thereto, to determine whether or not the property in question be realty or personalty, and to thus ascertain whether or not the court has jurisdiction over the property, then to that extent any court has jurisdiction to investigate the title and character of possession of land held by any litigant.   2 Willson's C. C., secs. 222, 223, 541; Lindsey v. Luckett, 20 Texas, 520; Cameron v. Marshall, 65 Texas, 7; Snyder v. Wiley, 59 Texas, 448.

2.   The County Court has jurisdiction to determine any question of damage by reason of trespass upon realty and injury thereto by reason of the trespass.   1 W. & W. C. C., secs. 579, 1131; 2 Willson's C. C., secs. 433, 568; 3 Willson's C. C., secs. 82, 229.

3.   Property such as gin houses, scales, and steam presses, when firmly and fixedly attached to the soil, becomes a part of the realty (if paid for); and if attached to the homestead becomes a part of it, and can not be severed therefrom by contract, except in the mode pointed out by the statute to convey the homestead.   1 W. & W. C. C., secs. 161, 238, 673; Moody v. Aiken, 50 Texas, 65.

No brief for appellees reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—On the 4th day of May, 1888, appellees instituted this suit in the County Court of Dallas County, against appellants, William Gentry and S. C. Gentry, to recover upon a note for $271.66, and to foreclose a mortgage alleged to have been given by said Gentrys upon one Steadman engine, one Steadman boiler and fixtures, one Coleman corn mill, one Fairbanks scales, one Steadman steam press, and all belting, pulleys, shafting, and fixtures belonging to said machinery, to secure the payment of said note.

Appellants answered in a plea to the jurisdiction, alleging, that the machinery embraced in said mortgage at the time the same was given were fixtures constituting a part of the homestead of appellant William Gentry, who was a married man and the head of a family, and by reason of the fact alleged that the County Court had no jurisdiction to decree such foreclosure.   They also pleaded the same facts in a special answer, and in addition thereto alleged, that appellees had sued out a writ of sequestration in this case, and had taken actual possession of said machinery and said appellant's premises upon which the same were situated, and had deprived him of the use thereof; and that the use of said machinery and

premises during the time he had been so deprived of the same was worth the sum of $550, for which amount he prayed judgment against appellees.

To this answer appellees interposed general and special exceptions. The special exceptions were, (1) that said answer did not allege of whom defendant's family consists; (2) that the court had no jurisdiction to hear and determine the question as to defendant's ownership of the land; (3) because said answer does not set out a specific account, in what defendant's damages consisted, or the several items thereof; (4) because the said answer does not set out and define the defendant's said homestead; (5) because the court has no jurisdiction to hear and determine the subject matter set out in said answer.

From the judgment rendered by the court, it would seem that only the special exceptions were sustained; but from a bill of exceptions in the record we find that the general demurrer also was sustained. and appellants were not allowed to introduce evidence in support of their answer. We are of opinion that the action of the court was error.   The answer does show that appellant William Gentry, at the time of the execution of the mortgage and at the time of the trial, had a wife and several children. It was certainly not necessary to give their names.

The plea to the jurisdiction of the court stated very clearly and succinctly, that at the time of the execution of the mortgage and at the time of the trial the machinery embraced in the mortgage was a fixture attached to the land; that the land consisted of 160 acres, upon which appellant William Gentry resided with his family, and that the mortgaged property therefore constituted a part of his homestead and of the land to which it was attached.   We infer from the brief of appellants that because of these allegations the court below held that it had no jurisdiction to hear and determine the same.   Had these allegations appeared in the petition instead of the answer, we hardly think the court would have attempted to foreclose this mortgage.   Not appearing in the petition, it was proper for them to appear in the answer; and if the evidence supported these allegations, the court would clearly be without jurisdiction to grant the foreclosure.   Certainly the court has the right to hear the necessary evidence to enable it to decide as to whether or not it has power to try the case it is sought to have it adjudicate, whether the allegations disclosing such want of jurisdiction appear in the petition of the plaintiff or in the plea to the jurisdiction by the defendant.   The plea of the defendants clearly shows that the plaintiffs were seeking to have the County Court foreclose a mortgage upon real estate, and the court should have heard evidence upon this question, and if the plea was sustained should not have attempted to entertain jurisdiction of this part of the case.   Appellees' second and fifth special exceptions were therefore improperly sustained.

The damage claimed by appellants was for the use and rental value of the machinery and premises during the time it was alleged to have been

taken from their possession by the writ of sequestration; and while upon this branch of the case their allegations are somewhat general, yet we deem them sufficient. No attempt was made to treat the acts of appellees as a conversion of the property, but a recovery was sought for its use only. This was proper. Willis & Bro. v. Morris, 66 Texas, 628. Appellees' third special exception was therefore improperly sustained.

In describing his homestead, appellant William Gentry in his answer alleged, that " at the date of said mortgage and long prior thereto, he was, and is now, a married man and the head of a family consisting of a wife, then and now living, and six minor children, then and now living with him; that with his said family he occupied and used as a homestead and farm to support his said family a tract of land of 160 acres in Fannin County, Texas, cultivating the same as a farm, and having his dwelling house thereon, in which he lives with his said family, and a gin house and cotton gin and corn mill thereon. That the Coleman corn mill, Steadman steam press, Fairbanks scales, with the shafting, pulleys, and fixtures thereto attached, and being the same described in plaintiffs' petition and mortgage attached thereto, and on which a lien is so sought to be fore-closed, were permanently attached as fixtures to said 160 acres of land, and are a part thereof, and to said cotton gin, corn mill, and gin house at the date of said mortgage, and long prior thereto and are now, so attached." We do not perceive what better description could be asked, and we are therefore of opinion that appellants' fourth special exception was improperly sustained. That such machinery as this, if attached to a country homestead by the owner as alleged in this answer, would become a part thereof and not subject to mortgage after it was so attached, we think clear. Railway v. Winter, 44 Texas, 597; Hutchins v. Masterson, 46 Texas, 551; Harkey v. Cain, 69 Texas, 146; Willis & Bros. v. Morris, supra.

We are of opinion that the judgment of the court below should be reversed, and the cause remanded for a new trial in accordance herewith, and it is so ordered.

*Reversed and remanded.*

Delivered February 23, 1893.