## CARTER et al. v. GRAY.

No. 8862.

Court of Civil Appeals of Texas San Antonio.

June 15, 1932.

Rehearing Denied July 20, 1932.

Harry L. Carter, Chas. W. Anderson, and Claud J. Carter, Jr., all of San Antonio, for appellants.

A. H. Lumpkin and D. H. Zook, both of San Antonio, for appellee.

FLY, C. J.

This is a suit on a promissory note in which it was recited that the note was secured by a vendor's lien on a certain tract of land. The note was for $420, and was given by Claud J. Carter to Ben H. Kelly; it was copied into the petition and became a part thereof. There was no direct prayer for foreclosure; the prayer being as follows: "Wherefore, plaintiff prays that defendants be cited to appear and answer this petition and that upon a hearing hereof he have judgment for the amount of his debt, principal, interest and attorney's fees; for costs of court and for such other and further relief to which he may be entitled, either in law or in equity."

The amount of the note was within the jurisdiction of the county court, but it is the contention of appellants that, as the note was secured by a vendor's lien on land, as clearly appears from the petition, and as the lien was capable of foreclosure on land, and as that foreclosure was only within the jurisdiction of the district court, the county court was clearly without jurisdiction to render a judgment for the amount due.

▇ The petition did not seek a foreclosure of the lien, but merely sought a judgment for the debt, clearly within the jurisdiction of the county court. The plaintiff had evidently waived the lien on the land and was asking for a personal judgment against the maker and indorser of the note. He was satisfied with their responsibility without the foreclosure of the lien. He had full power, right, and authority to waive his lien, which he could not more effectually have done if he had in terms stated that he did not desire to foreclose the lien, but waived it.

▇ No authority has been cited by appellants which sustains their position that the mere statement of the existence of a lien automatically deprived the court of jurisdiction. In the case of George v. Ryon, 94 Tex. 317, 60 S. W. 427, it was merely held that the district court had jurisdiction of an amount usually under its jurisdiction by virtue of a lien which the plaintiff sought to foreclose. In the case of Crowell v. Mickolasch (Tex. Civ. App.) 297 S. W. 234, while the amount sued for was in the jurisdiction of the county court, the plaintiff sought to foreclose a materialman's lien on a home. The court, of course, held against the jurisdiction of the county court, but held in its judgment of reversal that the plaintiff could obtain jurisdiction by severing the claim for the amount from the lien; thereby recognizing the right to sever the claim from the lien.

In the case of Jordan v. Massey (Tex. Civ. App.) 134 S. W. 804, 806, which is directly in point and fully sustains the jurisdiction of the county court in this case, it was held:

"It is now well settled that the right to recover a personal judgment for a debt secured by a lien on real estate and the right to have a foreclosure of that lien are severable, and may be made the subject-matter of two dis-

tinct causes of action. McAlpin v. Burnett, 19 Tex. 497; Ball v. Hill, 48 Tex. 641; Kempner v. Comer, 73 Tex. 202, 11 S. W. 194. The one is a legal proceeding, and the other equitable. 1 Pomeroy on Equity Jurisprudence, §§ 112, 171. Some courts have held in cases where the two are embraced in the same suit, and one is within the jurisdiction of the court and the other not, that the court may proceed to judgment over that which is within its jurisdiction and refuse to take cognizance of the other. Starke v. Cotten et al., 115 N. C. 81, 20 S. E. 184; Holden v. Warren, 118 N. C. 326, 24 S. E. 770; Philips v. Sanders [Tex. Civ. App.] 80 S. W. 567; Gentry v. Bowser, 2 Tex. Civ. App. 388, 21 S. W. 569. We therefore think the court below did not err in assuming jurisdiction of this case."

The Court of Civil Appeals in that case analyzed a prayer very similar to the one used in this case, and held:

"Looking both to the facts alleged and the prayer for relief, can we say that the existence of the lien set forth in the petition was one of the questions which the court below was called upon to settle? The plaintiff alleged facts which, if true, would authorize a judgment establishing the vendor's lien which his petition described; but did he ask that this be done? Not unless it can be said that the prayer for general relief had that effect. His prayer for special relief is confined exclusively to the establishment of the money demand and the classification of his claim. In considering this question upon the original submission of the case, we held that the prayer for general relief was sufficient to put in issue the existence of the lien as well as the debt. Upon further investigation we have reached the conclusion that in so holding we gave too broad an interpretation to the prayer for general relief, and in that way were led into an erroneous disposition of the case. It is true that under a prayer for general relief the plaintiff may recover whatever the facts alleged and proved will justify. Silberberg v. Pearson, 75 Tex. 290, 12 S. W. 850; Kempner v. Ivory [Tex. Civ. App.] 29 S. W. 538; Trammell v. Watson, 25 Tex. Supp. 216; Garvin v. Hall, 83 Tex. 301, 18 S. W. 731; Zadick v. Schafer, 77 Tex. 504, 14 S. W. 153. This manner of stating the rule is probably misleading when applied to a situation like the present. The scope of the prayer for general relief becomes a matter of construction, and this must be governed by the law as well as the facts pleaded. By this is meant not only the law which governs substantive rights, but the law of procedure as well—that which limits and defines the power and duties of the court. The pleader in such cases in effect says, 'Give me such further relief as this tribunal, under the facts alleged, has the power to grant.' He will not be considered as asking the court to transcend its power, unless that clearly appears from the language used. Usually doubtful constructions should be resolved in favor of the jurisdiction of the court. Evidently the court below construed appellee's petition as only seeking the establishment of the money demand; that was all that was passed upon in the judgment rendered. That indicated the limited construction which the plaintiff and the court placed upon the petition. 16 Ency. Plead. & Prac. 785. If we are correct in saying that the existence of the lien was not one of the questions which the trial court was called upon to decide, then it follows that it was no part of the subject-matter of the suit and should not be considered in determining whether or not the court had jurisdiction.

"The mere fact that the claim for the establishment of which this suit was brought is described as being one secured by a lien upon real estate, does not necessarily have the effect of putting the existence of that lien in issue. The issues are made by the questions which the court must decide in order to grant or refuse the relief which the parties ask for. Facts stated in the petition which do not aid the court in passing upon those questions may be treated as surplusage."

The case is well considered, and clearly disposes of every contention of appellants adversely to them, and it is well fortified by authority.

The judgment is affirmed.