## DUPUIS v. MOSS.
### No. 4747.

Court of Civil Appeals of Texas. Beaumont.
April 5, 1951.

A. A. De Lee, Port Arthur, for appellant.

Baker, Vaughan & Black, Port Arthur, for appellee.

R. L. MURRAY, Justice.

This is an appeal from a judgment of the County Court of Jefferson County At Law, wherein Minor Moss, appellee, recovered judgment against Beulah Dupuis, appellant, for the sum of $161.20 and for $150 attorney's fee, and foreclosing a materialman and laborer's lien on real property owned by the appellant.

Appellant's first point is that it was error for the County Court of Jefferson County At Law to entertain jurisdiction in the case because the petition of the appellee affirmatively shows that it was a suit to foreclose a lien on real property, of which that court does not have jurisdiction. The appellee in his brief concedes that it was error for the trial court to render judgment foreclosing a materialman and laborer's lien upon real property, but contends that since the court had jurisdiction over the amount in controversy it was not error for the court to render judgment for the sum of $161.21 in his favor. He asks that the judgment of the trial court be modified so as to allow him his money judgment for debt and attorney's fees without a foreclosure of the lien. In the alternative he prays that the cause be remanded and that he be permitted to file amended pleadings setting forth a cause of action within the jurisdiction of the County Court of Jefferson County At Law by abandoning the pleadings seeking foreclosure of a lien on real property.

Both parties quote from and rely upon the case of Crowell v. Mickolasch, Tex.Civ.App., 297 S.W. 234. The facts in that case were very similar to the facts in the instant case. The plaintiff sued for a money debt and for foreclosure of a materialman's lien upon real property. The court rendered judgment for plaintiff's debt but the judgment did not undertake to fix or foreclose the materialman's lien or dispose of the issue of said lien in any way. The Waco Court of Civil Appeals reversed the judgment and remanded the cause, with instruction to the trial court to dismiss, unless amended pleadings should be filed setting forth a cause of action over which the court had jurisdiction. In the opinion it is pointed out that the allegations of the plaintiff's petition are controlling in determining whether or not the County Court has jurisdiction of the subject matter of a suit; that where the pleadings put in issue the existence and right to foreclose a lien on real estate as well as the debt, such cause of action is one for the district court; that the County Court having no jurisdiction of the cause of action set forth in the petition on which the trial was had the appellate court also had none. We feel compelled to follow the same course here. The petition of

appellee Moss having sought foreclosure of a lien upon real property, it pleaded a cause of action beyond the jurisdiction of the County Court of Jefferson County At Law. Since that court had no jurisdiction of the case, this court has no jurisdiction and cannot modify and affirm the judgment.

The judgment of the trial court is reversed and the cause is remanded, with instruction to the trial court to dismiss, unless amended pleadings are filed setting forth a cause of action over which said court has jurisdiction.