## HARRIS COUNTY INV. CORP. v. WIGGINS.

### No. 12500.

Court of Civil Appeals of Texas. Galveston.

Jan. 29, 1953.

Henry J. Lamb, of Houston, for appellant.

Anthony L. Vetrano, Jr., of Houston, for appellee.

CODY, Justice.

In deference to appellant's appeal bond in this case we will assume that this appeal is from a judgment rendered on June 13, 1952, in favor of appellee and against appellant in the principal sum of $200, together with interest, and court costs. But the state of the record is somewhat confused, and the only notice of appeal appears to have been given to the action of the court in overruling "Defendants' Motion in Arrest of Judgment."

This suit was instituted in the County Court at Law of Harris County by plaintiff (appellee here) to recover a balance due pursuant to a contract under which it was alleged, that plaintiff had furnished certain materials and furnished certain services and under which there remained

due from defendants the principal sum of $200. Plaintiff also alleged in effect that he had acquired a statutory mechanic's and materialman's lien, and sought in said suit to have said lien established and foreclosed.

The defendants filed no plea in abatement challenging the jurisdiction of the court to entertain said suit, but answered by general denial, coupled with a prayer that the suit be dismissed.

In a trial to the court, without the aid of a jury, the plaintiff tendered evidence pursuant to the allegations of his petition, including proof of steps whereby a statutory mechanic's and materialman's lien was perfected. At the conclusion of the evidence, on June 9, 1952, the court rendered judgment that plaintiff recover $200 from appellant, and discharged appellant's codefendant from any liability. The judgment so rendered ignored altogether the mechanic's and materialman's lien. The judgment was signed by the judge on June 10, 1952.

On June 10, 1952, defendants filed their Motion in Arrest of Judgment, upon the perfectly valid ground that the court was without jurisdiction, under the laws of this State, over a suit which sought to establish and foreclose a lien upon land.

On June 11, 1952, plaintiff filed a motion asking to be allowed to file his "trial amendment, bearing title of Plaintiff's Second Amended Original Petition, *whereby Plaintiff has abandoned all right of recovery for foreclosure of any lien, and prays only for judgment as to debt as alleged.*" (Emphasis supplied.)

In passing, it should be stated that the "trial amendment" referred to in the foregoing specified motion, if same was in fact filed, was not brought up in the transcript.

On June 13, 1952, in an order which is confusedly drawn, and which suggests that the motion in arrest of judgment was heard concurrently with plaintiff's motion to abandon his aforesaid lien, the court overruled defendants' motion in arrest of judgment. And on the same day, the court granted leave to plaintiff to file "pleadings to conform to action of counsel taken during the course of trial wherein he abandoned in open court any attempt to foreclose lien."

Also, on the same day (June 13, 1952) the court rendered an "amended judgment." We construe this amended judgment to rule that the plaintiff "has abandoned all cause of action seeking a lien or foreclosure of any and all liens and seeks only judgment for debt, * * *"; and the court rendered judgment for the debt sued for. While no notice of appeal from the amended judgment was included therein, an exception by defendant thereto was noted. The judgment then states, "This amended judgment is hereby rendered in lieu of the Judgment previously signed June 10th, 1952."

The appellant duly requested findings of fact and conclusions of law on June 25, 1952, which request was on the same day ordered granted.

On the 12th of July, 1952, the court in effect found the agreement sued upon had been made about June 23, 1951; that the repairs and materials had been made and furnished; that a balance of $200 was due thereon.

On the 15th of July, 1952, the appellant asked for additional findings of fact, in effect asking that the court find that appellee had in truth perfected a statutory mechanic's and materialman's lien upon the property in question. The court granted said application, and in effect found that the lien had been perfected, and filed this so-called "Conclusion of Law:" "That Plaintiff, Henry C. Wiggins, in open Court, did abandon all right of recovery on any and all lines mentioned and did proceed only as to and for a Judgment for Debt for which the Court found Judgment for Plaintiff."

Appellant predicates his appeal upon the following four points:

"First Point

"The County Court at Law of Harris County, Texas, did not and does not have jurisdiction over the cause of action alleged, tried and asserted by Appellee in that the pleading upon which the trial was had alleged and prayed for the foreclosure

of a Mechanic's and Materialman's Lien against land.

"Second Point

"The Court erred in granting Appellee leave, after judgment had been rendered and entered, to file an amended petition on contested issues tried over the objections of Defendants.

"Third Point

"The Court erred in rendering and entering a judgment on a motion for leave to file an amended petition after judgment had theretofore been rendered and entered, without service of such amended petition, answer thereto, time for Defendants to answer thereto, or trial thereon.

"Fourth Point

"That all of the evidence construed most strongly in favor of Plaintiff, and the judgment entered in said cause wholly fails to establish any authorization on the part of Defendants, or either of them, to Plaintiff to do any wallpapering or place any wallpaper whatsoever in the premises, and that such work was not done in a skillful or workmanlike manner, and had no value."

There are two very obvious defects to the judgment as rendered below on June 9, and signed on June 10, 1952. The first defect was fatal to its validity. This defect is that, since plaintiff's pleadings, at the time he filed same in the County Court, sought to establish and foreclose a mechanic's and materialman's lien upon the property involved, the County Court was without jurisdiction to try such issue, and to render any judgment with respect thereto. Crowell v. Mickolasch, Tex. Civ.App., 297 S.W. 234; Dupuis v. Moss, Tex.Civ.App., 239 S.W.2d 409.

The second defect in the judgment of June 9th is due to the fact that it failed to dispose of one of the issues made by the pleadings of the parties, namely, it ignored completely the issue with respect to the mechanic's and materialman's lien; simply disregarded the lien issue in toto. This second defect was not fatal, absent the defect as to jurisdiction, because, or-dinarily the jurisdiction of a court over both subject matter and parties, once attached in a cause, continues until all issues, both of fact and law, have been finally disposed of. And, "it is within the power of the court, at the same term, to revise or vacate any of its judgments, decrees, or orders, including orders granting new trials." Gulf, Colorado and Santa Fe Railway Company v. Muse, 109 Tex. 352, 360, 207 S.W. 897, 898, 4 A.L.R. 613. Here, since the trial was to the court without a jury, and no question of a jury verdict was involved, the court would have had the power to amend the judgment, so as to have it dispose of all of the issues. This feature is not directly involved in this case.

Now, had the defendants followed normal procedure in this case, they would have urged a plea in abatement to the court's jurisdiction to try the case before any trial was had. They were within their rights, of course, to permit the case to proceed to trial and judgment, safe in the knowledge that no valid judgment could be rendered against them. When they filed and urged their motion in arrest of a judgment which was adverse to them, defendants were in effect taking the same action as urging a plea in abatement to the court's jurisdiction to try the case.

Now, had defendants urged a plea in abatement to the court's jurisdiction before a trial was had on the merits of the case, the court would, of course, have had to sustain such plea. But, in so doing, the court would have made the order to the effect that the cause be dismissed in response to the plea in abatement, *unless* the plaintiff amend his petition so as to bring his cause within the court's jurisdiction. In other words, had the defendants urged their plea against the court's jurisdiction, the plaintiff, upon a timely request to be allowed to amend his pleading so as to abandon his issues with respect to the lien, could have brought his suit within the court's jurisdiction. The question presented on this appeal is this: Can the defendants obtain a stronger position by reason of raising a plea to the court's jurisdiction by a motion in arrest of judgment,

than by raising such a plea in the normal way, i. e., by a plea in abatement before any trial has been had? Rule 66, Texas Rules of Civil Procedure, appears to be sufficiently broad to enable the court to do complete justice between the parties where one of the parties delays until after a trial is had on the merits before urging what, in legal effect, is a plea to the court's jurisdiction.

Rule 66 reads in part: "or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement * * *." The pleadings of plaintiff were not defective had he been pleading a case to be tried in the district court. But they were fatally defective, when judged by the requirements of pleading a cause within the jurisdiction of the county court. But they could have been amended before the trial on the merits, had defendants urged the defects therein, which they have urged in support of their motion in arrest of judgment. Appellant did not seek any postponement, so we need not inquire whether they are in a position to urge surprise. The very fact that defendants urged a motion in arrest of judgment, instead of a plea to the jurisdiction, would seem to argue that defendants were fully aware that plaintiff might amend so as to bring his suit within the court's jurisdiction.

It is not made to appear here that defendants did not in all respects fully present their defense to plaintiff's suit. As we understand this record, defendants made their full defense, and when judgment went against them, then moved in arrest of judgment, which, as stated, raised the issue which normally is raised by a plea in abatement. Since there was a full trial on the merits, we think justice would be served by permitting plaintiff (appellee) to amend his petition by abandoning the issue as to the mechanic's and materialman's lien. In practical effect, in this case, it could make no difference to appellant whether such amendment was made before the trial on the merits, or after the trial on the merits; at least he could not be harmed.

We assume that the amended pleadings were filed, but not brought up. But, in any case, plaintiff's motion is in the nature of a pleading, and, taken together with the court's judgment, constitutes a binding abandonment of the lien.

This brings us to appellant's final point. Appellant filed no exceptions to the court's findings of fact, though he did request an additional one. The court's findings of fact are sufficient to support the court's judgment.

Appellant's points present no reversible error, and the judgment is ordered affirmed.

Judgment affirmed.

### On Motion for Rehearing

We assumed that defendants failed to call the question of its jurisdiction to try the case to the attention of the court, prior to their motion in arrest of judgment, because they filed no plea in abatement, but answered directly to the merits.

Appellant now affirms that, at the outset of the case, it called the question of the court's jurisdiction to try the case, to the attention of the court, and that the court then announced that he would take the question of jurisdiction along with the case. Appellant does not state that it excepted to such action on the part of the court.

By reserving his ruling upon whether the pleadings of the plaintiff made a case within the court's jurisdiction, the court necessarily reserved the authority to permit an amendment of plaintiff's pleadings, in case he ruled that under them no jurisdiction was conferred on the court over the subject matter of the suit.

It is inconsistent on the part of appellant to insist that the court permitted plaintiff to amend after judgment, ren-

dered on June 9, 1952, when at the same time, it urges that the court had no jurisdiction to render said judgment at said date.

The parties did not avail themselves of their right of oral argument upon original submission, so we deem it unnecessary to hear oral argument on motion for rehearing. Motions refused.