CAMERON MANUFACTURING COMPANY V.
GROGAN LORD & COMPANY ET AL

No. A-4148. Decided November 4, 1953.
Rehearing overruled December 31, 1953.
(262 S.W. 2d Series 939)

*J. P. Darrouzet,* of Austin, for petitioner.

On the question of jurisdiction; Brownsville v. Basse, 43 Texas 440; Gardner v. Goodner Wholesale Gro. Co., 113 Texas 423, 256 S.W. 911; Southwestern Drug. Co. v. McKesson & Robbins, 141 Texas, 284, 172 S.W. 2d 485.

*Wilsox & Gauntt* and *S. E. Wilcox, Jr.* of Georgetown, for respondent.

In rebuttal cited Cantrell v. Willacy County Water Control and Imp. Dist., 141 Texas 335, 172 S.W. 2d 294; White v. Sibley, 59 S.W. 2d 266; Childress Oil Co. v. Woods, 111 Texas 165, 230 S.W. 143.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Petitioner, Cameron Manufacturing Company, filed this suit in the County Court at Law of Travis County against respondents, J. C. Mount and Grogan Lord & Company. The suit against Mount was upon an indebtedness of $421.42 for goods, wares and merchandise. Grogan Lord & Company was joined as a party

defendant upon allegations that Mount had transferred to it all his interest in certain merchandise and fixtures of the value of $68,000.00; that the sale was in bulk, not in the usual course of business, and in violation of the Bulk Sales Law, Article 4001 of the Revised Statutes. As against Mount the plaintiff prayed for judgment in the sum of $421.42, besides interest and costs. Th petition sought this relief as against Grogan Lord & Company:

"B. That the court hold the Defendant Grogan Lord & Co. to be a receiver as provided in Art. 4001 of the Texas Civil Statutes, or trustees of the goods in its hands, derived from the above described transaction, for the benefit, pro rata, of all the prior creditors of the Defendant J. C. Mount, and in particular the Plaintiff, and that the Defendant Grogan Lord & Co. be made to account to said creditors as provided by said statute.

"C. In the alternative, the Plaintiff prays that, if it be found that the Defendant Grogan Lord & Co. has transferred the items constituting the consideration of the above transaction to third parties or to a third party, or if it be found that the Defendant Grogan Lord & Co. has converted said items in any way, that the Court hold the Defendant Grogan Lord & Co. to be personally liable to all the creditors of J. C. Mount for the actual value of the goods so transferred or converted."

Attached to the petition was a list of the known creditors of Mount, the amount of the claims so listed being in excess of $3,000.00 Mount did not contest petitioner's right of recovery against him. Grogan Lord & Company, referred to hereinafter as respondent, filed a plea to the jurisdiction of the court, and in addition pleaded that Mount was an automobile dealer; that it had chattel mortgages on all the automobiles which were transferred to it, each mortgage securing a debt in excess of the value of each respective automobile; and that it repossessed the automobiles under the terms and conditions of such mortgages. It further pleaded that at the time it repossessed the automobiles Mount was indebted to it in the sum of $62,343.40, and in the event that it should be held to be a receiver that its claim should be established as one owing by the said Mount.

In the trial before the court without a jury judgment was rendered in favor of petitioner against Mount for $421.42, with interest from date and costs. The judgment further decreed:

"2. That Defendant Grogan Lord & Co. is liable pro rata to Plaintiff as a receiver, and shall account to the Plaintiff through this Court, and liable pro rata to all other prior creditors of De-

fendant J. C. Mount, whose claims do not exceed $1,000.00 each, and who may hereafter intervene and establish their debts, for the actual value of all merchandise, stock of merchandise, and merchandise and fixtures, which were subject to a sale made by Defendant J. C. Mount to Defendant Grogan Lord & Co. on the 6th day of March, 1952, such value being $47,743.57.

"3. That Defendant Grogan Lord & Co. is hereby directed and ordered by the Court that it shall forward copies of all accounting as directed above to this Court, and further that it shall remain subject to all orders of this Court until such accounting be complete.

"4. That Defendant Grogan Lord & Co. have judgment of indemnity over against Defendant J. C. Mount for the pro rata part of the value of $47,743.57 for which Defendant Grogan Lord & Co. is liable to Plaintiff and all other intervening prior creditors who will establish their debts, as above stated, and costs."

The Court of Civil Appeals sustained the plea to the jurisdiction of the county court and accordingly reversed that court's judgment and remanded the cause in order that petitioner might make such amendments to its pleadings as were justified, relating to its claim against J. C. Mount, or to dismiss the instant suit and file such pleadings in the district court as it might deem proper —there to secure a determination as to the relative merits of the case. We granted the application of petitioner for writ of error on the alleged conflict with White v. Sibley, 59 S.W. 2d 266.

The plea to the jurisdiction was properly sustained by the Court of Civil Appeals. The petition called upon the county court to fix a charge against and to administer property of the alleged value of $68,000.00 for the benefit of all the creditors of J. C. Mount, listed known creditors in an amount in excess of $3,000.00, and invited all other creditors to come forward and join in the suit.

Respondent claims an indebtedness of $62,343.40 against Mount, and it has the right to share pro rata with other creditors of Mount. Settegast et al. v. Second National Bank et al., 126 Texas 330, 87 S.W. 2d 1070. Petitioner concedes that it has that right.

It is a familiar rule that in foreclosure suits the value of the property against which foreclosure is sought, if in excess of the debt, governs the jurisdiction of the court. As observed by this court in Childress Oil Company v. Wood, 111 Texas 165, 230

S.W. 143, in a number of cases it has been held that where a plaintiff is entitled to a foreclosure upon only so much of the property as is sufficient to satisfy his debt, the amount of the debt and not the value of the property determines the court's jurisdiction. The instant suit is not one in which petitioner invoked the jurisdiction of the court to order respondent, as receiver or trustee, to sell so much of the property as was necessary to satisfy a claim for $421.42. Had petitioner alleged and proved that its claim was the only one which was a charge against the property transferred by Mount there would have been presented the question of whether the court had jurisdiction to order the sale of so much of the property as was necessary to satisfy that claim. We do not express any opinion on that question, for its is not before us for decision. In this case, as above noted, petitioner in its pleading recognized that its only right was to share pro rata with other creditors, and it listed known creditors whose claims totaled more than $3,000.00. It sought no judgment against respondent, except one in the nature of a declaratory judgment establishing its right to a prorata portion of a large sum of money found by the court to be $47,743.57. Until the amount of all the claims is fixed, the court can render no judgment in favor of petitioner against respondent for any sum of money whatever. The judgment reflects the ruling of the court that it has jurisdiction of those claims only which do not exceed $1,000.00 in amount. There exists at least one claim which exceeds that amount; that is the claim of respondent for $62,343.40. The result is this: Petitioner can recover only after the total amount of all claims is established, and the county court has no jurisdiction to establish that amount or to fix that amount, when established, as a charge against the property. It follows that, if petitioner is to recover against respondent, it must file its claim in the district court, the only court having jurisdiction to grant the relief sought in its petition. Where, as in this case, the amount of the claims against property sold in violation of the Bulk Sales Law exceeds $1,000.00, and the value of such property also exceeds that amount, the county court, whose jurisdiction is limited to an amount not exceeding $1,000.00, has no jurisdiction to administer the property through a receiver or trustee.

Gardner v. Goodner Wholesale Grocery Company, 113 Texas 423, 256 S.W. 911, cannot be accepted as authority upholding the jurisdiction of the court in this cas. The opinion in that case was written in answer to a certified question regarding the sufficiency of a petition, and the question of the jurisdiction of the county court was not before this court for decision.

■ The Court of Civil Appeals reversed the trial court's judgment and remanded the case to permit petitioner to amend its pleadings against Mount. No reason is perceived why the judgment in favor of petitioner against Mount should be disturbed. That is a severable cause of action of which the court had jurisdiction, and no challenge is made against it. By leaving that portion of the trial court's judgment undisturbed, petitioner will have established its claim against Mount, and, if suit is filed in the district court, the judgment may be made the basis of its claim.

In so far as the judgment of the Court of Civil Appeals ordered that the case be dismissed as against Grogan Lord & Company, it is affrmed. In so far as it reversed that portion of the trial court's judgment awarding petitioner a recovery against respondent Mount, its judgment is reversed, and the judgment of the trial court is left undisturbed.

Opinion delivered November 4, 1953.