**Gaynell P. MATHERNE, Sr., Appellant,**

v.

**Annie Mae CARRE and Annette Leger Matherne, Appellees.**

**No. 09–98–039 CV.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 9, 1999.

Decided Dec. 30, 1999.

Rehearing Overruled Jan. 20, 2000.

---

Gaynell P. Matherne, Sr., Houston, for pro se appellant.

Daniel P. Meanor, Karl C. Hoppess & Associates, Houston, J. Thad Heartfield, Heartfield & McGinnis, Beaumont, for appellee.

Before WALKER, C.J., STOVER and HILL, JJ.*

## OPINION

JOHN HILL, Justice (Assigned).

Gaynell P. Matherne, Sr. appeals from a summary judgment of the Jefferson County Court at Law No. 1 in favor of Annette Leger Matherne and Annie Mae Carre for the amount due on a real estate note and a declaration of the appellees' rights to foreclose on a Galveston County beach house securing the note. Gaynell presents eight issues on appeal in which he contends that : (1) the trial court lacked jurisdiction over the appellees' claims because they included a suit for enforcement of a lien on land; (2) the trial court erred in severing the appellees' additional claims because it will amount to a multiple recovery; (3) the trial court erred by considering the appellees' claim of res judicata because it was

not pleaded; (4) the trial court erred by ruling that an inventory filed in a divorce proceeding was a pleading upon which a claim for judicial estoppel could be made in support of summary judgment; (5) the appellees' claim on the note is barred by the statute of limitations; (6) the trial court erred by granting summary judgment for the appellees because the affidavits attached to and incorporated into their motion for partial summary judgment set forth facts that would not be admissible into evidence; (7) the trial court erred in granting the appellees reasonable attorney's fees because there was a material fact issue concerning the amount of such fees; and (8) the trial court erred in granting summary judgment for the appellees on any ground other than res judicial estoppel.

We hold that: (1) the trial court had no jurisdiction over the appellees' claim for foreclosure of the lien securing the note; (2) the appellees' attorney's fees are limited by the amount set forth in the note; (3) there is no contractual or statutory basis for the judgment for expenses apart from attorney's fees; and (4) as a result of Gaynell's acknowledgment of the debt in his divorce proceeding, the appellees' claim for that debt is not barred by the statute of limitations. Accordingly, we reverse and remand solely on the issue of attorney's fees recoverable under the lien note, and we reform the judgment by eliminating the judgment for expenses, the award of attorney's fees on appeal, and the trial court's finding of the right to foreclosure with respect to the beach house. We otherwise affirm the judgment as reformed.

■ Gaynell argues in issue number one that the trial court committed fundamental error when it refused to dismiss the appellees' claims because it lacked jurisdiction to enforce a lien on land. The appellees sued Gaynell in the County Court at Law No. 1 of Jefferson County for the amount

---

* The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN.

§ 74.003(b) (Vernon 1998).

due on a note that he and Annette Matherne, his former spouse and one of the appellees, had given to James Carre (deceased) and Annie Mae Carre (Annette's mother) for the purchase of a Galveston County beach house. They sought foreclosure of a vendor's lien securing payment of the note, and alleged fraud.

Gaynell filed his answer to the appellees' claims subject to a plea to the jurisdiction, in which he asked the court to dismiss their petition in its entirety or that portion that sought to enforce a lien upon the Galveston County property. The trial court overruled his plea. A county court does not have jurisdiction of a suit for the enforcement of a lien on land. *See* Tex. Gov't Code Ann. § 26.043(2) (Vernon 1988). "A statutory county court has jurisdiction over all causes and proceedings, civil and criminal, original and appellate, prescribed by law for county courts." Tex. Gov't Code Ann. § 25.0003(a) (Vernon Supp.2000). In addition, a county court has concurrent jurisdiction with district courts in civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000. *See* Tex. Gov't Code Ann. § 25.0003(c)(1) (Vernon Supp.2000). There is no statute giving the Jefferson County Court at Law No. 1 jurisdiction over the enforcement of a lien on land; therefore, it has none. Consequently, the court erred in overruling Gaynell's plea to the jurisdiction. Although the trial court did not order the foreclosure of the lien, it did hold that the appellees have the right to proceed with foreclosure, a holding which it had no jurisdiction to make.

■■■ This court has held that in such a situation we have no jurisdiction to reform the judgment to limit it to those claims over which the trial court had jurisdiction. *See Dupuis v. Moss,* 239 S.W.2d 409, 410 (Tex.Civ.App.—Beaumont 1951, no writ). Subsequent to that decision, in the case of *Cameron Mfg. Co. v. Grogan Lord & Co.,* 153 Tex. 16, 262 S.W.2d 939, 941 (Tex. 1953), the Texas Supreme Court, in a situation involving severable claims in which the trial court had jurisdiction of one

claim, but not the other, held that there was no reason why the judgment involving the severable cause of action over which the trial court had jurisdiction should be disturbed on appeal. An appellees' claim for a debt based upon a note is severable from its suit to foreclose on a lien. *See Carter v. Gray,* 125 Tex. 219, 81 S.W.2d 647, 648 (Tex.1935). In such a case, where the court has jurisdiction over the debt, but not over the foreclosure of the lien, the trial court may proceed to judgment over that which is within its jurisdiction and refuse to take cognizance over the other. *See Jordan v. Massey,* 134 S.W. 804, 806 (Tex.Civ.App.—Texarkana 1911, no writ); *Gentry v. Bowser,* 21 S.W. 569, 570 (Tex. Civ.App.—Fort Worth 1893, no writ). In this case, while the trial court did not order foreclosure of the lien, it did hold that the appellees had the right to foreclose the lien. In making this ruling it was ruling in part upon the appellees' claim for foreclosure of the lien, a claim in which it lacked jurisdiction. We therefore hold that the trial court erred by granting summary judgment to the effect that the appellees had a right to foreclose upon the lien. We hold that the trial court did not err in not dismissing the severable portion of appellees' claim over which the trial court did have jurisdiction. We agree with the Texas Supreme Court that there is no reason why the severable cause of action over which the trial court did have jurisdiction should be disturbed on appeal based upon a finding of lack of jurisdiction with respect to the foreclosure of the lien. We therefore sustain the contentions presented by Gaynell in issue number one relating to the trial court's declaration of the appellees' right to foreclose and overrule the contentions presented by Gaynell that the judgment with respect to his obligation on the debt be reversed due to the trial court's failure to dismiss the claim for lack of jurisdiction.

■■■ Gaynell asserts in issue number two that the trial court erred by granting a severance of the appellees' other claims

because this would amount to a double recovery. An examination of the appellees' petition shows that they are seeking damages, such as exemplary damages, in their other claims that are not part of the damages they have recovered in this case. Also, we know of no reason why Gaynell may not present any issue of double recovery that might arise in that other case. We hold that the trial court did not abuse its discretion in severing the appellees' other claims. We overrule Gaynell's contentions contained in issue number two.

■ In connection with issue number five, Gaynell argues that he presented the defense of statute of limitations and that the appellees failed to show that their claim on the note is not barred by the statute of limitations. The note in question was executed in favor of James P. Carre and his wife Annie Mae, one of the appellees, by Gaynell and Annette Leger Matherne, Gaynell's former spouse and the other appellee. The original amount due on the note was $30,000. The note, dated December 26, 1983, was payable in monthly installments of $289.51 per month for five years, at which time the entire amount, including principal and interest, was due and payable.

Inasmuch as more than four years has passed since the date of the last payment due under the note, it would appear that recovery upon the note is barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(a) (Vernon Supp. 2000). However, it is undisputed that in 1996 and 1997, in the divorce action between Gaynell and Annette, Gaynell acknowledged, in his inventory and appraisement, the existence of the debt and the amount of the loan balance due to Annette's mother under the note. While the acknowledgment of the debt was not made directly to Annette's mother, it was made under circumstances in which Gaynell would reasonably understand that it would be communicated to Annette's mother and relied upon by her. Under such circumstances, Gaynell's acknowledgment of the debt included an implied promise to pay,

so that the note was not barred by the statute of limitations. *See Republic Nat'l Bank of Dallas v. Strealy,* 163 Tex. 36, 350 S.W.2d 914, 920 (Tex.1961); *Hahl v. Ellwood,* 79 S.W. 829, 831 (Tex.Civ.App.1904, writ ref'd). We overrule Gaynell's contentions contained in issue number five.

■ In issues three and four, Gaynell insists that neither the doctrine of res judicata nor the doctrine of judicial estoppel apply to prevent the appellees' claims from being barred by limitations. We believe that Gaynell's acknowledgment of the debt avoids the application of the statute of limitations by virtue of the law relating to the statute of limitations, not the doctrines of res judicata or judicial estoppel. It is true that Gaynell acknowledged the debt in writing in a judicial proceeding. However, in this proceeding he is not seeking to disavow his acknowledgment of the debt in the divorce proceeding, but instead is contesting the enforceability of the note. We believe that it is enforceable by virtue of the acknowledgment. If the court in *Republic Nat'l Bank* was relying on the doctrine of judicial estoppel in holding that the statute of limitations was not applicable, then Gaynell's argument to us that the doctrine of judicial estoppel does not apply because his acknowledgment of the debt was not contained in a pleading is of no validity, since the court was basing its conclusion upon letters that the defendant wrote and testimony that he gave in court. *Id.,* 350 S.W.2d at 920. We overrule the contentions presented by Gaynell in issues three and four.

■ Gaynell argues in issue number six that the affidavits attached to the motion for summary judgment include facts that are not admissible into evidence. His argument consists of various alleged deficiencies as to each affidavit without any specific reference to any particular portion of the affidavit to which the generalization might be relevant. He also makes a general assertion that attached documents have not been authenticated, while not identifying any particular document that

has not been properly identified. Therefore, we find that Gaynell presents nothing for review with respect to his contentions in issue number six. *See Jensen Constr. Co. v. Dallas County*, 920 S.W.2d 761, 769 (Tex.App.—Dallas 1996, writ denied).

 Gaynell insists in issue number seven that the trial court erred in assessing attorney's fees in the amount of $7,012.50 plus additional attorney's fees in the event of appeal. Where, as here, the note provides for attorney's fees of "ten per cent [10%] additional on the amount of principal and interest then owing," the attorney's fee to which one is entitled is limited to that amount. *See 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1292 (5th Cir.1991). While the 10% figure serves as a limitation on the maximum amount that can be awarded, a defendant in such a case may urge that it is unreasonable and that a lesser fee should be awarded. *See RepublicBank Dallas, N.A. v. Shook*, 653 S.W.2d 278, 282 (Tex.1983). However, in this case Gaynell has asserted in his brief that the figure of $1,903.10, the maximum amount that could be awarded under the provisions of the note, is the figure that the trial court should have awarded. Although we agree with Gaynell that the attorney's fees should be limited to ten percent of the "amount of principal and interest then owing," from the record before us we are unable to determine the actual amount of attorney's fees recoverable. Accordingly, we must reverse the trial court's judgment on this issue and remand for a determination of the amount of fees recoverable as provided for in the lien note.

 Gaynell also contends under issue number seven that the trial court erred by awarding the appellees recovery for certain expenses, including filing fees, fees for service of citation, copying, postage, telephone, and travel expenses, separate and apart from the award of attorney's fees. Gaynell asserts that there is no contractual or statutory basis for awarding judgment for these expenses. We agree. The note does not provide for the awarding of such

expenses and we are not aware of any statute that so provides.

The appellees rely on the case of *Emery Air Freight Corp. v. General Transport Systems, Inc.*, 933 S.W.2d 312, 315–16 (Tex.App.—Houston [14th Dist.] 1996, no writ). We find that case distinguishable because in that case the instrument sued upon provided for the awarding of such expenses in the event of litigation between the parties. *Id.* at 316. In this case the note did not contain any provision relating to the right to recover such expenses. We sustain Gaynell's contentions in issue number seven that the trial court erred by awarding summary judgment for the appellees for attorney's fees in the amount of $7,012.50 plus additional attorney's fees on appeal and by awarding summary judgment for certain expenses independently of attorney's fees.

Gaynell contends in issue number eight that the appellees relied on an argument that a release purportedly executed by Annie Mae Carre was without consideration, even though the appellees had no pleading in support of this contention. We first note that the appellees did plead lack of consideration with respect to the release. Also, Gaynell, in his response to the appellees' motion for summary judgment, did not assert that the appellees had no pleading to support their argument that the release was without consideration. As Gaynell notes in his argument under this issue, issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal. *See* Tex.R. Civ. P. 166a(c). It is difficult to discern the exact contention Gaynell is making in connection with this issue. Gaynell's contention may be that, if the granting of the motion was based on any theory other than that of res judicata or judicial estoppel, the motion was granted on a basis not presented in the motion. As we have previously noted, the debt is enforceable, despite the fact that more than four years had passed since the last payment

was due, because of Gaynell's acknowledgment of the debt in his divorce proceeding. We have examined the appellees' motion for summary judgment and find sufficient reference to Gaynell's acknowledgment to support the granting of summary judgment on the basis that we have discussed in this opinion. We overrule Gaynell's contention as contained in issue number eight.

We reform the judgment to omit that portion finding a right of foreclosure with respect to the beach house in Galveston County, to omit the awarding of judgment for expenses, and to omit the award of attorney's fees on appeal. We reverse the trial court's award of attorney's fees in the amount of $7,012.50 and remand solely on the issue of attorney's fees recoverable under the lien note to be determined consistent with this opinion. We otherwise affirm the judgment as reformed.

AFFIRMED AS REFORMED IN PART; REVERSED AND REMANDED IN PART.

EARL B. STOVER, Justice, concurring.

I concur in the judgment. I agree that, as a county court, the Jefferson County Court at Law No. 1 did not have jurisdiction over the suit for the enforcement of the lien on the property. *See* TEX. GOV'T CODE ANN. § 26.043(2) (Vernon 1988); *see, e.g., Loville v. Loville,* 944 S.W.2d 818 (Tex.App.—Beaumont 1997, writ denied) (Jefferson County Court at Law No. 1 did not have jurisdiction in suit for recovery of land.). I wish to note, however, the legal adjudication of the debt, over which the county court did have jurisdiction, in my opinion, does not prohibit the appellees from proceeding with a non-judicial foreclosure sale in Galveston County pursuant to the deed of trust.