Affirmed and Memorandum Opinion filed June 20, 2006









Affirmed
and Memorandum Opinion filed June 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00787-CV

____________

 

JAWAD N. ALSHEIKH, Appellant

 

V.

 

ARABIAN NATIONAL
SHIPPING CORPORATION, Appellee

 



 

On Appeal from the 269th
District Court

Harris County, Texas

Trial Court Cause No. 05-14907

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from a summary
judgment.  In six issues, appellant Jawad
N. Alsheikh argues that (1) the trial court erred in granting summary judgment
in favor of appellee Arabian National Shipping Corporation (AArabian@) and in denying
his own motion for summary judgment based on limitations, (2) acknowledgment of
a loan does not necessarily revive a lien securing the loan, (3) the trial
court erred in failing to grant his motion for new trial, and (4) Arabian=s award of
attorney=s fees should be
reversed.  We affirm. 








Factual and
Procedural Background

The underlying dispute concerns two
promissory notes (the ANotes@) made by Alsheikh
to Arabian on May 21, 1990 that totaled about $154,000.  The Notes matured one year after issuance,
had identical interest rates, and were secured by deeds of trust on the same
real property Alsheikh owns in Harris County (the AProperty@).  Alsheikh did not timely pay the Notes.  The parties filed a AJoint Stipulation
of Fact and Law@ in which they agreed Alsheikh paid
Arabian at least $56,000 between 1990 and 1997 and that after 1997, he made the
following payments to Arabian:  $1,000 on
November 3, 2001,[1]
$1,000 on November 5, 2001; $2,000 on February 10, 2003; $2,000 on August 8,
2003; and $5,000 on May 8, 2004.  The
record contains several checks and receipts signed by Alsheikh reflecting these
payments.  Some of these documents note
the payments were for Aland,@[2] and two receipts
dated August 7, 2003 and
May 8, 2004[3]
note
that payment was toward Athe out standing [sic] Loan [Alsheikh]
borrowed from [Arabian]@ and Athe outstanding
Loan [Alsheikh] has with Arabian,@
respectively.  Further, Alsheikh
handwrote on the August 7, 2003 receipt, AI am in agreement.@  Most of the documents recite the total
Alsheikh had paid to date.








After May 8, 2004, Alsheikh made no
further payments on the Notes.  On
February 1, 2005, Arabian sent Alsheikh a notice of default and demand for
payment.  Subsequently, Alsheikh filed
suit in the trial court seeking declaratory judgment that the liens securing
the Notes had expired based on the four-year statute of limitations governing
real property liens.  He then moved for
summary judgment on his claim.  Arabian
answered Alsheikh=s original claim, raised several
counterclaims, and filed its own summary judgment motion.  The trial court granted Arabian=s and denied
Alsheikh=s motion for
summary judgment, finding that the Notes Aare not barred by
limitations . . . [and] remain secured by the [Property].@  Alsheikh moved for a rehearing and/or a new
trial, alleging, among other things, that the trial court=s summary judgment
was ambiguous and self-contradictory and seeking clarification, withdrawal, or
amendment of its judgment.  The trial
court denied appellant=s motion, and this appeal followed.

Analysis

A.  Acknowledgment of
the Notes








In his first three issues, Alsheikh claims
the trial court erred in granting Arabian=s motion for
summary judgment and in denying his own motion. 
Specifically, he argues that Arabian=s causes of action
on the Notes accrued when they matured on May 21,1991 and that he neither
extended nor acknowledged them after that date, causing limitations to run on
May 21, 1995.  The standard of review for
a traditional summary judgment motion is
whether the successful movant carried its burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law. See Tex. R. Civ. P.
166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999).  To be
entitled to summary judgment, a defendant must conclusively negate at least one
essential element of each of the plaintiff=s causes of action
or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  Under this
traditional standard, we must take as true all evidence favorable to the
nonmovant and must make all reasonable inferences in the nonmovant=s favor.  See id.  Where, as here, the parties file
cross-motions for summary judgment, one of which was granted and the other
denied, we review the summary judgment evidence presented by both sides,
determine all questions presented, and affirm or reverse accordingly.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).

If the holder of a real property lien does
not bring suit for recovery of the property or foreclose on it within four
years after the cause of action accrues, the lien and power of sale become
void.  Tex.
Civ. Prac. & Rem. Code Ann. ' 16.035(a), (d)
(Vernon 2002).  However, the statute of
limitations can be avoided if the party to be charged acknowledges the
debt.  See id. _ 16.065 (Vernon 1997).  The acknowledgment must (1) be in writing and
signed by the party to be charged, (2) contain an unequivocal acknowledgment of
the justness or the existence of the particular obligation, and (3) refer to
the obligation and express a willingness to honor it.  Stine v. Stewart, 80 S.W.3d 586, 591
(Tex. 2002).  Additionally, the amount of
the acknowledgment described must be susceptible of ready ascertainment.  Id. at 591B92.  Fulfilment of these conditions creates a new
obligation.  See id. at 591.  Whether a written instrument sufficiently
acknowledges a debt is a question of law. 
Bright & Co. v. Holbein Family Mineral Trust, 995 S.W.2d 742,
745 (Tex. App.BSan Antonio 1999, pet. denied).

Arabian concedes it filed suit more than
four years after its claim against Alsheikh arose.  However, in its summary judgment motion and
on appeal, Arabian claims that by writing checks and signing and noting receipts
in 2001B2004, Alsheikh
acknowledged his debt, and thus Arabian=s counterclaims
were timely.  In his own summary judgment
motion and accompanying affidavit, Alsheikh argued that he never agreed to
extend limitations or the Notes= maturity date.








After reviewing the record, we find that
Alsheikh acknowledged both Notes. 
Alsheikh signed the checks and receipts, most of which recited the total
amount paid on his debt to Arabian and some of which specified they were land
payments.  Thus, he acknowledged the
existence of his obligation in a signed writing, satisfying two of the
requirements of debt acknowledgment.  See
Stine, 80 S.W.3d at 591. 
Additionally, Alsheikh never indicated an intent to repudiate the debt,
but instead signed receipts reflecting payment on his Aoutstanding@ loan from
Arabian, and he noted his agreement on the August 7, 2003 receipt.  Moreover, Texas courts have held a party may
make an implied promise to pay a debt.  See,
e.g., Matherne v. Carre, 7 S.W.3d 903, 907 (Tex. App.CBeaumont 1999,
pet. denied) (finding implied promise to pay in divorce proceeding where
husband listed debt to wife=s mother on
inventory and appraisement); Mercantile Nat=l Bank at Dallas
v. Acoustics, Inc., 589 S.W.2d 773, 775 (Tex. App.CEastland 1979, no
writ) (finding implied promise to pay when entries on corporate balance sheet
showed debt and reflected three check payments, and no evidence showed debtor
intended to repudiate debt).  Alsheikh
had no other debts to Arabian, and his course of payment (albeit untimely), the
notations on his checks and receipts referring to his obligation, and his
failure to repudiate either or both Notes constitute an implied promise to
pay.  Thus, he satisfied the final
requirement of debt acknowledgment.  See
Stine, 80 S.W.3d at 591.








Alsheikh argues that an implied promise
cannot exist, nor can the amount of the obligation be susceptible of ready
ascertainment, if more than one debt exists and the acknowledgment fails to
specify to which debt it refers.  We
agree with Alsheikh that generally, the failure to specify a particular debt
may defeat a claim of acknowledgment.  See
Stine, 80 S.W.3d at 591B92 (noting that
the amount of the obligation the acknowledgment describes Amust be
susceptible of ready ascertainment@); Cotulla v.
Urbahn, 135 S.W. 1159, 1162B63 (Tex. 1911)
(finding no acknowledgment where more than one debt existed and evidence of
acknowledgment failed to specify which debt). 
However, the record shows Alsheikh executed the Notes under nearly
identical terms on the same day and secured them with the same collateral.  Thus, it appears the Notes were separate
parts of one transaction.  In their
course of dealing and in their stipulations, Alsheikh and Arabian referred
collectively to the Notes and treated them as one debt, further indicating they
were part of the same transaction. 
Moreover, the parties stipulated that on November 3, 2001, Alsheikh Apaid [Arabian]
$1,000 on the Notes.@ 
The record shows that on that date, Alsheikh signed a receipt certifying
payment of $2,000 in two checks of $1,000 each toward Athe out standing
[sic] Loan on the Land.@ 
The receipt recited the total paid as $58,000, which was $2,000 more
than the amount the parties agreed Alsheikh paid before November 3.  This suggests that on November 3, Alsheikh
paid $1,000 on each Note, thus acknowledging both Notes.  We are unpersuaded by Alsheikh=s argument that
the checks and receipts use the singular Aloan@ and thus it is
unclear whether Alsheikh intended to or acknowledged only one of the
Notes.  Rather, given the evidence before
us, we find Arabian sufficiently demonstrated that no genuine issue of material
fact exists on whether Alsheikh acknowledged the Notes and Alsheikh failed to
negate any essential elements of Arabian=s acknowledgment
claim.  We overrule Alsheikh=s first three
issues.

B. 
Revival of the Liens

In his fourth issue, Alsheikh argues that
acknowledgment of a note does not necessarily revive the accompanying
lien.  He claims that even if the Notes
are still valid, the plain language of section 16.035(d) renders the liens void
and thus inactionable.  See Tex. Civ. Prac. & Rem. Code Ann. ' 16.035(d) (AOn the expiration
of the four-year limitations period, the real property lien and a power of sale
to enforce the real property lien become void.@).  However, case law supports the proposition
that a lien is also revived if the debt it secured is revived.  See, e.g., Davidson v. F.D.I.C.,
44 F.3d 246, 255 (5th Cir. 1995) (A[A]s between the
parties, an informal, unrecorded, and unacknowledged written promise to pay a
limitations barred debt is held to revive both the debt and the lien securing
it.@ (citing Beeler
v. Harbour, 116 S.W.2d 927, 930B31 (Tex. Civ. App.BFort Worth 1938,
writ ref=d))); see also
Dominguez v. Castaneda, 163 S.W.3d 318, 327B28, 331 (Tex. App.CEl Paso 2005, pet.
denied) (finding property was subject to lien that predated homestead claim
when debtor acknowledged debt secured by the lien).  Thus, Alsheikh=s post-limitations
acknowledgment of the Notes revived the liens as well as his underlying
obligation to pay the Notes.  We overrule
Alsheikh=s fourth issue.








C.  Motion for New Trial

In his fifth
issue, Alsheikh claims the trial court erred in failing to grant his motion for
a new trial.  He contends the summary
judgment was self-contradictory and ambiguous in its resolution of Arabian=s
counterclaims.  Whether to grant or deny
a motion for new trial is within the trial court=s discretion.  See Balias v. Balias, Inc., 748 S.W.2d
253, 257 (Tex. App.CHouston [14th Dist.] 1988, writ
denied).  Thus, we do not disturb the
trial court=s ruling on such a motion absent abuse of
discretion.  Vickery v. Tex. Carpet
Co., Inc., 792 S.W.2d 759, 761 (Tex. App.CHouston [14th
Dist.] 1990, writ denied).

When Alsheikh sought declaratory judgment
that the liens had expired, Arabian filed several counterclaims seeking to
declare the debt valid and to recover on the debt.  Specifically, Arabian=s declaratory
judgment counterclaim asked the trial court to find the debt Astill valid and
not barred by limitations or, in the alternative, that >new= debt exists in the
same amount and with the same collateral.@  The trial court=s order granting
summary judgment specifically stated the debt was Anot barred by
limitations@ and also that A[a]ll relief
requested and not expressly granted is denied.@  After the trial court granted its summary
judgment, Arabian nonsuited all its claims seeking to recover on the debt.  Alsheikh claims the order is ambiguous and
self-contradictory because, although it says the debt is not barred, it does
not expressly grant Arabian=s counterclaim,
yet denies all relief requested but not expressly granted.  We disagree. 
The trial court explicitly found that the Notes were not barred by
limitations and thus granted Alsheikh=s declaratory
judgment counterclaim.  We find nothing
ambiguous or self-contradictory about this order, and thus the trial court did
not abuse its discretion in refusing to order a new trial.[4]








Having overruled Alsheikh=s first five
issues, we need not address his sixth issue regarding whether the award of
attorneys= fees to Arabian should be reversed.

We affirm the trial court=s summary
judgment.

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 20, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

 











[1]  The record
shows that on November 3, 2001, Alsheikh signed a receipt that stated he paid
Arabian $2,000 in two separate checks of $1,000 each and noted that his total
paid to date was $58,000.  This is the
first payment reflected in the record since 1997, at which time the parties
agreed Alsheikh had paid at least $56,000. 
Thus, because the parties stipulated that Alsheikh paid Arabian $1,000
on the Notes on November 3, 2001, the checks were presumably $1,000 paid on
each Note.





[2]  A receipt dated November 3, 2001
states that payment was toward Athe out standing [sic] Loan on the Land,@ and a check dated two days later
states on the memo line that it was for Aland payment.@





[3]  The receipt
appears to be dated May 18, 2004. 
However, the parties stipulated that Alsheikh paid Arabian $2,000 on May
8, 2004 and attached the May 18, 2004 receipt as an exhibit to the
stipulations.  Therefore, we assume for
purposes of this opinion that the correct date is May 8, 2004.





[4]  Alsheikh also claims that Arabian
erred in calculating the amount owed on the Notes after the trial court granted
Arabian=s summary judgment motion.  However, he fails to provide argument or
authority why such a post-judgment miscalculation by an opposing party entitles
him to a new trial.  Thus, he waives this
issue for appellate review.  See Tex. R. App. P. 38.1(h).